Jacob WANNER and King L. Wright, Claimants–Appellees,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellant.

No. 03–7169.

United States Court of Appeals, Federal Circuit.

June 2, 2004.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimants-appellees.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellant. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Brian M. Simken, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Jamie L. Mueller, Attorney, Department of Veterans Affairs, of Washington, DC.

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

GAJARSA, Circuit Judge.

Anthony J. Principi, Secretary of Veterans Affairs ("Secretary"), appeals the deci-

sion of the United States Court of Appeals for Veterans Claims ("Veterans Court") that 38 C.F.R. § 4.87a, Diagnostic Code ("DC") 6260 (1998),[1] was invalid as inconsistent with 38 U.S.C. § 1110. *Wanner v. Principi*, 17 Vet.App. 4 (2003). Because we conclude that the Veterans Court lacked jurisdiction to review the content of DC 6260, we reverse its decision and remand for further proceedings.

## I. BACKGROUND

Appellants Jacob Wanner ("Wanner") and King L. Wright ("Wright") (collectively, "Appellants") are veterans who sought benefits from the Department of Veterans Affairs ("VA") for Tinnitus. Tinnitus is a hearing condition with symptoms that include ringing, buzzing, roaring, or clicking in the ears.

Wanner served in the United States Marine Corps between 1946 and 1948, during which time he developed tuberculosis. He was awarded a service connection for his tuberculosis in 1949. In 1982, Wanner sought benefits from a VA Regional Office ("RO") for bilateral hearing loss, which he stated was a result of his tuberculosis medication. In 1985, the Board of Veterans' Appeals (the "Board") awarded Wanner a service connection for Tinnitus, retroactive to 1982 when he filed his claim, but gave him a noncompensable rating for the condition.

In 1998, Wanner sought a compensable rating because of an increase in the severity of his Tinnitus. The RO increased Wanner's rating for bi-lateral hearing loss, but maintained the noncompensable rating for his Tinnitus because it was not a symptom of "head injury, concussion, or acoustic trauma" as required by the 1998 version of DC 6260 (hereinafter, the "Trauma Requirement").[2] Wanner appealed the RO's decision to the Board, which awarded him a rating of 10% for his Tinnitus on June 7, 2000. The Board limited Wanner's retroactive benefits to June 10, 1999, however, because, on that date, the VA amended DC 6260 to eliminate the Trauma Requirement. *See* 38 C.F.R. § 4.87a, DC 6260 (1998). As amended, DC 6260 required only that the Tinnitus be "recurrent." *See* 38 C.F.R. § 4.87, DC 6260 (1999). Wanner appealed the Board's decision to the Veterans Court.

Wright served in the United States Army between 1942 and 1945 and has a story similar to Wanner. In 1947, an RO awarded Wright a service connection and assigned a noncompensable rating for impairment of auditory acuity. Following a medical examination in 1985, an RO awarded Wright a service connection for his Tinnitus but continued his noncompensable rating. In 1988, the RO removed the noncompensable rating and assigned Wright a disability rating of 20% for his hearing loss, but stated that the Tinnitus did not warrant a separate compensable rating because it was not the result of acoustic trauma. Wright again sought benefits for his Tinnitus in 1999 and the RO again denied his claim, maintaining his disability rating at 20%.

---

1. Section 4.87a is entitled "Schedule of ratings—ear." As with each ratings schedule, section 4.87a is further broken down into "Diagnostic Codes." *See* 38 C.F.R. § 4.27 ("Use of diagnostic code numbers"). Section 4.27 describes the diagnostic codes as "arbitrary numbers for the purpose of showing the basis of the evaluation assigned and for statistical analysis in the Department of Veterans Affairs." DC 6260, at issue here, is the diagnostic code for Tinnitus.

2. DC 6260, the Tinnitus provision of the 1998 rating schedule, assigns a 10% disability rating for "Tinnitus: Persistent as a symptom of head injury, concussion or acoustic trauma." 38 C.F.R. § 4.87a, DC 6260 (1998).

Wright appealed the 1999 decision to the Board and, like Wanner, argued that he was entitled to a 10% disability rating per ear for his Tinnitus. The Board awarded Wright a 10% rating for his Tinnitus and maintained the 20% rating for his other hearing impairment. As it did with Wanner, the Board limited the effective date of the 10% compensation for Tinnitus to June 10, 1999. Wright also appealed his case to the Veterans Court.

The Veterans Court consolidated Wanner's and Wright's cases and heard them together. Appellants argued that, under 38 C.F.R. § 4.25, they were entitled to a 10% rating for *each* ear rather than a single 10% rating for both. The Veterans Court noted that the Board did not address the applicability of section 4.25, and remanded for consideration of the issue. *Wanner,* 17 Vet.App. at 13.

Wanner also argued that he was entitled to an effective date earlier than June 10, 1999, because the pre–1999 Trauma Requirement in DC 6260 was unlawful. The basis of Wanner's charge of unlawfulness was both statutory—premised on 38 U.S.C. § 1110—and constitutional—premised on the Equal Protection Clause. The Secretary challenged Wanner's statutory argument by asserting that the Veterans Court lacked jurisdiction over the argument under 38 U.S.C. § 7252(b). Section 7252(b), which is the jurisdictional statute for the Veterans Court, explains:

> Review in the Court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. *The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.*

38 U.S.C. § 7252(b). The Secretary argued that because DC 6260 is part of the schedule of ratings for disabilities adopted under section 1155, it was beyond the Veterans Court's jurisdiction under section 7252(b).

The Veterans Court declined to address Wanner's constitutional argument, opting instead to decide the issue on statutory grounds. *Wanner,* 17 Vet.App. at 14. The court concluded, contrary to the Secretary's argument, that it did possess jurisdiction to review DC 6260. Relying on its decisions in *Villano v. Brown,* 10 Vet. App. 248 (1997) and *Hood v. Brown,* 4 Vet.App. 301 (1993), the Veterans Court explained that, although it was precluded from reviewing the rating schedule for issues such as "intraschedular conflict, what should be considered a disability, and the appropriate rating for any disability," it could review "whether the regulation complies with the statutory authority under which disability compensation is paid, 38 U.S.C. § 1110." *Wanner,* 17 Vet.App. at 14–15. Furthermore, the court explained, 38 U.S.C. § 7261, which is referenced in section 7252, authorized the Veterans Court to "hold unlawful and set aside" regulations that were "not in accordance with law" or that were "in excess of statutory jurisdiction, authority, or limitations...." *Wanner,* 17 Vet.App. at 15; *see also* 38 U.S.C. § 7261(a)(3)(A), (C).

The Veterans Court addressed the merits of Wanner's claim and concluded that the Trauma Requirement of DC 6260 was invalid because it violated 38 U.S.C. § 1110. *Wanner,* 17 Vet.App. at 18. Section 1110, the court explained, provides that the United States "will pay" disability compensation "to any veteran" for a *"disability* resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of

duty, in the active military, naval, or air service, during a period of war." 38 U.S.C. § 1110 (emphasis added). Wanner argued that because the Trauma Requirement of DC 6260 limited the payment of benefits to only certain veterans suffering from service-connected Tinnitus—a disability within the meaning of section 1110—the provision drew distinctions that were impermissible under § 1110's mandate requiring the United States to pay benefits "to any veteran thus disabled." *Id.* The Veterans Court also found DC 6260 arbitrary and capricious because it was accompanied by no regulatory history justifying the distinction between veterans suffering Tinnitus based on the Trauma Requirement. *Wanner*, 17 Vet.App. at 18.

Accordingly, the Veterans Court vacated the decision of the Board and remanded Appellants' cases for readjudication under the sole remaining limitation on compensation for Tinnitus under the 1998 version of DC 6260: persistence. The Secretary timely appealed and, as we explain below, this court has jurisdiction pursuant to 38 U.S.C. § 7292(a).

## II. DISCUSSION

### A. *Standard of Review*

■ Under 38 U.S.C. § 7292(a), this court may review the decisions of the Veterans Court with respect to "any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title) or any interpretation thereof ... that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). This court reviews statutory interpretations by the Veterans Court de novo, and may set aside any regulation or interpretation of a regulation that it finds to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right,

power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observation of a procedure required by law. 38 U.S.C. § 7292(d)(1); *Herndon v. Principi*, 311 F.3d 1121, 1124 (Fed.Cir.2002); *Bustos v. West*, 179 F.3d 1378 (Fed.Cir.1999). Review of the Veterans Court's compliance with its jurisdictional statute is a question of law, reviewed de novo. *Cook v. Principi*, 353 F.3d 937, 939 (Fed.Cir.2003).

### B. *Analysis*

■ As an initial matter, we agree with the Secretary that we have jurisdiction over this appeal under the exception in *Williams v. Principi*, 275 F.3d 1361 (Fed. Cir.2002). Although the issue is purely legal, and therefore within the scope of jurisdiction proscribed by 38 U.S.C. § 7292, "we have generally declined to review non-final orders of the Veterans Court, and we have held that remand orders from the Veterans Court ordinarily are not appealable because they are not final." *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed.Cir.2001). As the Secretary points out, however, this court created an exception to this rule in *Williams*, where the court explained:

we will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand,

i.e., that the remand proceeding may moot the issue.

*Williams,* 275 F.3d at 1364 (footnotes omitted).

All three of the *Williams* requirements are satisfied here. First, the decision of the Veterans Court finding jurisdiction to review the ratings schedule for compliance with 38 U.S.C. § 1110, and its subsequent decision that DC 6260 was invalid because it failed to comply with that statute, are clear and final decisions on legal issues that will directly govern the remand proceedings before the Board. Second, the Veterans Court's decision adversely affects the Secretary by invalidating the Trauma Requirement in the pre–1999 version of the Secretary's regulation. Third, the remand will likely moot the issue because, if the Board obeys the instruction of the Veterans Court and grants Appellants' benefits under the newly reformed DC 6260, the Secretary has no right to appeal.[3] *See* 38 U.S.C. § 7252(a) ("The Secretary may not seek review of any ... decision [of the Board of Veterans' Appeals]."). Accordingly, we have jurisdiction over this appeal under *Williams* and 38 U.S.C. § 7292(a).

■ Turning to the merits of the appeal, the Secretary's primary argument is that the Veterans Court lacks jurisdiction to review the VA's schedule for rating disabilities. The Secretary bases his argument on the jurisdictional scheme of title 38, e.g., 38 U.S.C. §§ 502, 7252(b), and 7292(a), as well as the legislative history of the Veterans Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988). DC 6260, the Secretary explains, is part of the rating schedule and, under exclusions created by each of the aforementioned statutes, is beyond review by the Veterans Court. Appellants respond that the limitation on the jurisdiction of the Veterans Court identified by the Secretary is narrow, and extends only to the percentages assigned to particular disabilities by the ratings schedule.

■ A survey of the statutory scheme supports the Secretary's position. 38 U.S.C. § 502 states:

An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers (*other than an action relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 1155 of this title*) is subject to judicial review.

Sections 552 and 553 of title 5 govern information disclosure and rulemaking procedures, respectively, by the agency. Section 7252 similarly explains that the Veterans Court "may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule." 38 U.S.C. § 7252(b). Finally, our own jurisdictional statute, section 7292, excepts from our review "a refusal [by the Veterans Court] to review the schedule of ratings for disabilities adopted under section 1155 of this title." 38 U.S.C. § 7292(a). The statutory scheme thus consistently excludes from judicial review all content of the ratings schedule as well as the Secretary's actions in adopting or revising that content.

■ The Veterans Court also relied on 38 U.S.C. § 7261, explaining that subsec-

---

**3.** Because the Board found that Appellants satisfy the requirements of the 1999 version of DC 6260 (requiring only "recurrent" Tinnitus), they would likely satisfy the 1998 version as modified by the Veterans Court (requiring only "persistent" Tinnitus in the absence of the Trauma Requirement). A decision subsequent to the decision on appeal here confirms this belief, as the Veterans Court described the difference between "recurrent" and "persistent" as "negligible." *See Smith v. Principi,* 17 Vet.App. 168, 170 (2003).

tion (a)(3) permitted it to "hold unlawful and set aside" rules and regulations found to be "in excess of statutory ... authority." 38 U.S.C. § 7261(a)(3)(C). As the Secretary points out, however, this statute only provides the standards of review to be applied by the Veterans Court when reviewing a decision from the Board. It does not expand the Veterans Court's jurisdiction. *Mayer v. Brown*, 37 F.3d 618, 620 (Fed.Cir.1994), *overruled in part on other grounds by Bailey v. West*, 160 F.3d 1360, 1368 (Fed.Cir.1998). Matters that have been removed from the Veterans Court's jurisdiction, such as those involved here, are unaffected by section 7261.

Although the clarity of the legislative scheme makes resort to the legislative history unnecessary, *see Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1152 (Fed.Cir.1999), we note that the legislative history of the Veterans Judicial Review Act also supports the Secretary's position. Senate Report 100–418 explains: "The Committe[e] bill contains one restriction on the scope of review of VA rules and regulations: A court would not be permitted to direct or otherwise order that *any part of the disability rating schedule issued or adopted by the Administrator be modified.*" S. Rep. 100–418 at 53. A report from the House of Representatives reflects a similar understanding, explaining that, in response to "apprehension ... that the VA schedule for rating disabilities ... would be destroyed by piecemeal review of individual rating classifications," the bill "has expressly precluded review of the schedule...." H.R. Rep. 100–963 at 28, U.S.Code Cong. & Admin.News 1988 pp. 5782, 5810. The language in the legislative history is not limited to the percentages of the disability ratings, as Appellants argue, but matches the statutes in broadly precluding judicial review of the contents of the disability rating schedule in toto.

In light of our conclusion that section 7252 precludes the type of review undertaken by the Veterans Court, its reliance on its own decisions could hardly produce a contrary result. In *Villano v. Brown*, the Veterans Court, relying on § 7252(b), made the statement that "the Court's review of the schedule of ratings is limited to whether a particular code is contrary to law." 10 Vet.App. at 250. Regardless of the meaning of this statement, the Veterans Court did not, however, undertake any such review. In *Hood v. Brown*, the Veterans Court vacated and remanded a decision of the Board on the basis that the ambiguous content of the ratings schedule precluded the Board's decision from complying with a separate statutory requirement, 38 U.S.C. § 7104(d)(1), which requires the Board to identify the "reasons and bases" for its decisions. 4 Vet.App. at 303. The Veteran's court was careful to explain that it was not reviewing the contents of the schedule, but was instead enforcing the requirements of section 7104(d)(1). 4 Vet.App. at 303–04. While it appears that in neither of the opinions did the Veterans Court actually undertake the sort of prohibited review on appeal here, to the extent those opinions may be read as authorizing such review they are incorrect.

■ The Veterans Court's statement in *Villano* that it may review "whether a particular code is contrary to law" cites only to 38 U.S.C. § 7252(b). 10 Vet.App. at 250. The language of section 7252(b), however, removes from the Veterans Court's jurisdiction *all* review involving the content of the rating schedules and the Secretary's actions in adopting or revising them. Although this court has recognized an exception to the similarly prohibitive language of 38 U.S.C. § 502 for *constitutional* challenges to the ratings schedule, the exception is narrow and it relies on a

decision from the Supreme Court containing similar reasoning. *See Nyeholt v. Secretary of Veterans Affairs*, 298 F.3d 1350, 1353–54 (Fed.Cir.2002) (citing *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974)). Neither the Supreme Court in *Robison* nor the court in *Nyeholt* recognized any exception to the insulation of the disability rating schedules from judicial review where a constitutional challenge was not involved.[4]

The Secretary is required to adopt "a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries." 38 U.S.C. § 1155. Contrary to Appellants' argument and the Veterans Court's decision, the schedule consists of both the ratings and the injuries for which the ratings are provided. The Secretary's discretion over the schedule, including procedures followed and content selected, is insulated from judicial review with one recognized exception limited to constitutional challenges. The review undertaken by the Veterans Court here amounts to a direct review of the content of the rating schedule and is indistinguishable from the review of "what should be considered a disability" that the Veterans Court itself recognized as impermissible. Consequently, we conclude that it is outside of the Veterans Court's jurisdiction.

## III. CONCLUSION

Because we find that the review undertaken by the Veterans Court evaluating the compliance of DC 6260 with 38 U.S.C. § 1110 was an action outside of the its jurisdiction as provided by 38 U.S.C. § 7252(b), we reverse the decision of the Veterans Court striking the Trauma Requirement from the pre–1999 version of DC 6260. Accordingly, we do not reach the substantive issue decided by the Veterans Court regarding a possible inconsistency with 38 U.S.C. § 1110. As the Veterans Court avoided the constitutional question presented by the Appellants by resting on the statutory grounds that have now been reversed, we remand for further proceedings regarding that issue.

*REVERSED and REMANDED*

### IV. COSTS

No costs.

---

4. Although not an exception of the sort recognized in *Nyeholt,* this court has also acknowledged that the prohibition in 38 U.S.C. § 7252(b) on review of the ratings schedules or actions by the Secretary in adopting or revising the schedules does not include review of the Secretary's actions for compliance with the requirements of the Administrative Procedure Act. *See Fugere v. Derwinski,* 972 F.2d 331, 334–35 (Fed.Cir.1992).