# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-623

ELLIS C. SMITH,                                                                          APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                          APPELLEE.

Before IVERS, *Chief Judge,* and STEINBERG and KASOLD, *Judges*.

## O R D E R

This case has been remanded to this Court by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in light of its reversal of this Court's precedential opinion in *Wanner v. Principi*, 17 Vet.App. 4 (2003) (*Wanner I*), *reversed in part,* 370 F.3d 1124, (Fed. Cir. 2004) (*Wanner II*). *Smith (Ellis) v. Principi*, 2004 WL 2030123 (Fed. Cir. Aug. 23, 2004) (*Smith II*). In the Federal Circuit's review of *Wanner I*, a case in which this Court had (1) remanded a separate-ratings-for-each-ear tinnitus claim to the Board for consideration of 38 C.F.R. § 4.25(b) (1998 & 1999) and (2) reviewed 38 C.F.R. § 4.87, Diagnostic Code (DC) 6260 (1998), and declared a part of it invalid, the Federal Circuit held that this Court had acted "outside of its jurisdiction" when it reviewed DC 6260 as to whether that DC was "in violation of a statutory right" or "not in accordance with law" as provided by 38 U.S.C. § 7261(a)(3)(C), and reversed this Court's decision in *Wanner I*, 17 Vet.App. at 14-15, to strike the trauma requirement from pre-1999 DC 6260. *Wanner II*, 370 F.3d at 1131. There is no indication that the Federal Circuit intended to disturb the *Wanner I* opinion's remand to the Board for consideration of § 4.25(b).

On June 10, 2003, this Court, by per curiam decision, ordered a December 12, 2000, decision of the Board of Veterans' Appeals (Board or BVA) reversed in part and vacated in part. *Smith (Ellis) v. Principi*, 17 Vet.App 168 (2003) (per curiam order) (*Smith I*), *reversed in part*, *Smith II*, *supra*. In the BVA decision, the Board, inter alia, had (1) denied a Department of Veterans Affairs (VA) compensable disability rating under 38 C.F.R. § 4.87a, DC 6260 (1998), for the appellant's service-connected tinnitus prior to June 10, 1999, and (2) assigned an initial VA disability rating of 10%, but no higher, from June 10, 1999, under 38 C.F.R. § 4.87a, DC 6260 (1999). This Court's per curiam order (1) would have reversed the Board's denial of an effective date prior to June 10, 1999, for the assignment of a compensable rating and remanded the matter for the award of an earlier effective date; and (2) pursuant to the precedential opinion in *Wanner I*, would have vacated the Board decision as to the issue of separate 10% tinnitus ratings in each ear and remanded that matter for consideration in light of 38 C.F.R. § 4.25(b) (2002). *Smith I*, 17 Vet.App. at 172-73.

In its December 2000 decision, the Board determined that the veteran did not satisfy the criteria for a compensable rating prior to June 10, 1999, because his tinnitus was not "persistent" under pre-1999 DC 6260, which had provided for a compensable rating for tinnitus where it was "[*p*]*ersistent* as a symptom of head injury, concussion[,] or acoustic trauma", 38 C.F.R. § 4.87a, DC 6260 (1998) (emphasis added). On June 10, 1999, DC 6260 was revised to provide for a 10% rating for "[t]innitus, *recurrent*", and the "head injury, concussion[,] or acoustic trauma" requirement was deleted. 64 Fed. Reg. 25,202, 25,206 (1999); 38 C.F.R. § 4.87, DC 6260 (1999 & 2003) [hereinafter "current DC 6260"] (emphasis added). The appellant argued here (1) that his tinnitus "undeniably satisfie[d] the plain meaning of 'persistent'" in pre-1999 DC 6260 and, thus, the Board's conclusion to the contrary was "legal error", and (2) that the Board had misinterpreted both pre-1999 and current DC 6260 when it had failed to award separate 10% disability ratings for each ear for his service-connected tinnitus. *Smith I*, 17 Vet.App. at 169.

As to the issue of separate ratings for each ear, the Court held in *Smith I* that the "*Wanner*[*I*] precedent applies to the instant case and requires a remand for readjudication, in light of 38 C.F.R. § 4.25(b) (2002), of the appellant's claim for two 10% ratings." *Smith I*, *supra*. As to the meaning of "persistent" in pre-1999 DC 6260, the Court held that "because 'persistent' and 'recurrent' appear to have overlapping definitions . . . the Board's conclusion that the appellant's tinnitus was not 'persistent' as required by pre-1999 DC 6260 was reached in a manner that was 'arbitrary, capricious, [and] an abuse of discretion'" and therefore must be reversed. *Smith I*, 17 Vet.App. at 171. Furthermore, the Court noted that, in spite of the Secretary's Supplementary Information in the Federal Register indicating that "a reading of 'persistent' as a more strict standard than 'recurrent' insofar as constancy is concerned applies an unrealistic evaluation criterion for [tinnitus]", the Board used this "unrealistic evaluation criterion" to deny the appellant's claim. *Ibid.* Moreover, the Court held that the Board (1) had "selectively" paraphrased the Secretary's comments in the Supplementary Information and "omitted any reference to the Secretary's concession there that an attribute of constancy was not well suited for evaluating tinnitus" and (2) had "based its conclusion [as to the meaning of "persistent"] solely on one dictionary definition of 'persistent'." *Ibid*.

The Secretary appealed this Court's decision to the Federal Circuit. *Smith II*, *supra.* On August 23, 2004 the Federal Circuit reversed, stating that "we reverse the Court of Appeals for Veterans Claims' determination in this case that it had jurisdiction and remand for further proceedings consistent with our decision in *Wanner*[*II, supra*]." *Ibid*. As in *Wanner II*, there is no indication that the Federal Circuit intended to disturb the *Smith I* decision's remand to the Board for consideration of § 4.25(b). The Federal Circuit issued its mandate on October 14, 2004, and the case is therefore now back before this Court.

The Court notes that the Secretary, in his February 20, 2002, brief in this Court, did not address the appellant's argument (Appellant's Brief (Br.) at 4-5, 10-13) that, pursuant to § 4.25(b), he was entitled to a 10% tinnitus rating for each of his ears. Secretary's Br. at 1-14. Indeed, the Secretary asserted in his brief that the "[a]ppellant cites no authority" for his position that he is entitled to separate 10% ratings for each ear. Br. at 7.

Accordingly, the Court is in need of supplemental briefing from the Secretary on the following matters: (1) To show cause why the Court should not remand to the Board the matter of the rating under pre-1999 DC 6260 for the provision of an adequate statement of reasons or bases, *see* 38 U.S.C. § 7104(d)(1), as to the Board's determination of the meaning of "persistent" under that DC in light of the Board's having selectively paraphrased the Secretary's Supplemental Information and not having taken into account all of the Secretary's relevant discussion therein, *see* 59 Fed. Reg.17,295, 17,297 (Apr. 12, 1994), and having relied on a single dictionary definition of "persistent", *see Theiss v. Principi*, 18 Vet.App 204, 210-11 (2004) (criticizing General Counsel precedent opinion, on which Board had relied, for "selective use of a narrow set of definitions") (mot. for reconsid. filed Aug. 17, 2004); *see Smith I*, 17 Vet.App. at 170-71; and (2) to address the appellant's argument that 38 C.F.R. § 4.25(b) (1999) entitled him to separate ratings of 10% for tinnitus in each ear under 38 C.F.R. § 4.87a, DC 6260 (1998 & 1999).

On consideration of the foregoing, it is

ORDERED that, not later than 14 days after the date of this order, the Secretary file, and serve on the appellant, a supplemental brief addressing the foregoing matters. It is further

ORDERED that, not later than 14 days after service of the Secretary's supplemental brief, the appellant file, and serve on the Secretary, a supplemental response.

DATED:        November 2, 2004                    PER CURIAM.