IVERS, Chief Judge,
concurring in part and dissenting in part:
I must respectfully dissent from the majority opinion with Respect to the issue of the Court’s jurisdiction as discussed in III. B.l. The Court has jurisdiction to determine its jurisdiction over a case. See Henderson v. West, 12 Vet.App. 11 (1998). In my view, the majority’s decision to remand the question of the appellant’s entitlement to a compensable rating under the pre-1999 DC 6260 is outside this Court’s jurisdiction pursuant to 38 U.S.C. §§ 502 and 7252(b) and contrary to the Federal Circuit’s decisions in Wanner v. Principi, 370 F.3d 1124 (Fed.Cir.2004(Wanner II) and Smith v. Principi, No. 03-7212, 108 Fed.Appx. 628, 2004 WL 2030123 (Fed.Cir. 2004)(Smith II).
In the case underlying the appeal before us, the Federal Circuit granted the Secretary’s motion to vacate and remand this Court’s decision in Smith v. Principi, 17 Vet.App. 168 (2003)(Smith I) as inconsistent with Wanner II. See Smith II. In so doing, the Federal Circuit stated:
In Wanner [II], we reversed the Court of Appeals for Veterans Claims’ determination that it had jurisdiction to review the rating schedule, absent a constitutional challenge. In the instant case, the decision on appeal relied heavily on the Court of Appeals for Veterans Claims’ Wanner decision [Wanner v. Principi, 17 Vet.App. 4 (2003)(Wanner I)] in concluding that it had jurisdiction to review the Diagnostic Code, which is included in the ratings schedule. Thus, we reverse the Court of Appeals for Veterans Claims’ determination in this case that it had jurisdiction and remand for further proceedings consistent with our decision in Wanner [II].
Smith II, at *2. In concluding that this Court did not have jurisdiction to review the ratings schedule, the Federal Circuit in Wanner II reviewed the jurisdictional provisions of title 38, 38 U.S.C. §§ 502 and 7252(b). 370 F.3d at 1129. Section 502 specifically excludes from judicial review by this Court actions of the Secretary “relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 1155 of this title.” 38 U.S.C. § 502; see also id. In addition, section 7252(b) states that this Court “may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.” 38 U.S.C. § 7252(b) (emphasis added); see also id. Noting that “the clarity of the legislative scheme makes resort to the legislative history [of the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) ] unnecessary,” the Federal Circuit added:
Senate Report 100-418 explains: “The Committee bill contains one restriction on the scope of review of VA rules and regulations: A court would not be per *80 mitted to direct or otherwise order that any part of the disability rating schedule issued or adopted by the Administrator be modified.” ... A report from the House of Representatives reflects a similar understanding, explaining that, in response to “apprehension ... that the VA schedule for rating disabilities ... would be destroyed by piecemeal review of individual rating classifications,” the bill “has expressly precluded review of the schedule. ...” H.R. Rep. 100-963 at 28. The language in the legislative history is not limited to the percentages of the disability ratings ... but matches the statutes in broadly precluding judicial review of the contents of the disability rating schedule in toto.
370 F.3d at 1130 (emphasis added). The Federal Circuit concluded that the “review undertaken by the Veterans Court here amounts to a direct review of the content of the rating schedule” and “was an action outside of its jurisdiction as provided by 38 U.S.C. § 7252(b).” 370 F.3d at 1131.
The majority presently claims that it is not reviewing the contents of the rating schedule, but “the Board’s interpretation of ‘persistent’ in pre-1999 DC 6260,” and, consequently, this review is “not distinguishable from the review sought in Sellers.” Ante at 72. However, the Court’s analysis here moves well beyond the interpretation of the ratings criteria as discussed in Sellers. In that case, the Federal Circuit upheld this Court’s “interpretation of 38 C.F.R. § 4.130 with respect to the relationship between the DSM-IV and the general rating formula.” 372 F.3d at 1321. With respect to the issue of this Court’s jurisdiction, the Federal Circuit focused on the character of the arguments raised by the appellants: “Appellant’s are challenging VA’s interpretation of a regulation. The Veterans Court, therefore, had jurisdiction under 38 U.S.C. § 7252(a).” 372 F.3d at 1324.
The crucial difference between Sellers and this case is that the appellants in Sellers were not challenging the content of the ratings schedule insofar as the ratings schedule reflected the medically recognized symptoms of PTSD. The Secretary’s instruction that “[rjating agencies must be thoroughly familiar with [the DSM-IV] to properly ... apply the general rating formula for mental disorders in [section] 4.130” established an ambiguous relationship between the ratings criteria for PTSD and DSM-IV. The Court interpreted the limits of that relationship without reviewing “any action of the Secretary in adopting or revising that schedule.” 38 U.S.C. § 7252(b).
While cloaking their actions in the reasons-and-bases rubric, the majority here dives directly into the content of the ratings schedule by evaluating the meaning of “persistent” in the pre-1999 DC 6260 and “recurrent” in the current DC 6260 against the medical definition of tinnitus. By proposing to examine the reasonableness of the terms “persistent” and “recurrent” as accurate symptoms of tinnitus, the Court is announcing its intent to directly review the contents of the ratings schedule and infringing on the Secretary’s authority under 38 U.S.C. § 1155 to “adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries.” Sellers is inapplicable in this case because the majority, in “interpreting” the meaning of “persistent” in the pre-1999 DC 6260 and “recurrent” in the current DC 6260, would engage in a “review [of] the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.” 38 U.S.C. § 7252(b). The Federal Circuit’s language in Wanner II is instructive: “The review undertaken by the Veterans *81 Court here amounts to a direct review of the contents of the rating schedule and is indistinguishable from the review of ‘what should be considered a disability’ that the Veterans Court itself recognized as impermissible.” 370 F.3d at 1131.
Moreover, it is irrelevant for jurisdictional purposes that the Court is remanding the issue to the Board. If the Court had jurisdiction, it would merely be postponing an eventual judicial review of an action “relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 1155 of this title.” 38 U.S.C. § 502. The only appropriate course of action in this case is to dismiss the claim as outside the Court’s jurisdiction pursuant to 38 U.S.C. §§ 502 and 7252(b), and the Federal Circuit’s decisions in Wanner II and Smith II.