NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7057

GEORGE D. JOY,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 6, 2006

_____

Before  BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

## DECISION

George D. Joy appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") that affirmed a decision by the Board of Veterans' Appeals denying Mr. Joy a disability rating in excess of 20% for chronic lumbar strain with degenerative disc disease.  We affirm.

## BACKGROUND

Mr. Joy served on active duty in the United States Air Force from July 1965 to January 1969.  In February 2000, a regional office of the Department of Veterans Affairs awarded Mr. Joy service connection for "chronic lumbar strain with degenerative disc

disease L4-L5 and L5-S1." That condition was assigned a 20% disability rating based on 38 C.F.R. § 4.71a, Diagnostic Codes 5293-95, and the rating was made effective as of December 17, 1993. On Mr. Joy's appeal from the rating decision, the Veterans Court granted a motion for remand. On remand, the Board requested additional development of the record, including additional medical examinations. After completing the additional medical examinations, the Board concluded that Mr. Joy's condition did not warrant a disability rating in excess of 20%. Referring to the relevant Diagnostic Codes, the Board found that the evidence of record did not show that the disability was "severe, as would be exemplified by listing of the whole spine, marked limitation of forward bending, or loss of lateral spine motion." Nor did the Board find any evidence of "muscle spasm," "neurological impairment," or "episodes during which [Mr. Joy] was incapacitated." Mr. Joy appealed that decision to the Veterans Court, arguing that he was entitled to an increased rating for his lumbar condition and also that he was entitled to service connection for various other conditions that had not been presented in his appeal to the Board. The court affirmed the Board's rating decision and declined to consider Mr. Joy's claims of service connection for other conditions. Mr. Joy now appeals from that decision.

## DISCUSSION

Mr. Joy raises several arguments in his brief to this court. First, Mr. Joy argues that the Board erred by focusing exclusively on his ability to bend and flex during a short medical examination, and by failing to take into account whether he could "repeatedly perform such activities." As a preliminary matter, we disagree with Mr. Joy's characterization of the Board's decision. The Board in this case did not focus solely on

Mr. Joy's ability to bend and flex during a short medical examination. Rather, pursuant to Diagnostic Code 5293, the Board considered whether Mr. Joy experienced episodes of incapacitation, and the Board found no evidence of such episodes. Also, pursuant to 38 C.F.R. §§ 4.40 and 4.45 the Board considered the extent of Mr. Joy's "functional impairment" and "fatigability" and concluded that there was no "functional impairment that is not adequately compensated by th[e] 20 percent rating." Moreover, to the extent that Mr. Joy is asking us to review or revise the criteria codified in the Department of Veterans Affairs rating schedule, we have no authority to do so absent a challenge to the constitutionality of the rating schedule, which Mr. Joy does not raise in this case. See Wanner v. Principi, 370 F.3d 1124, 1131 (Fed. Cir. 2004) ("The Secretary's discretion over the schedule, including procedures followed and content selected, is insulated from judicial review with one recognized exception limited to constitutional challenges.").

Next, Mr. Joy argues that the Board violated his right to due process by "excluding" certain documents. There is no indication in the record, however, that the Board refused to consider any evidence offered by Mr. Joy. Rather, it appears that the Board considered all available evidence, including the most recent evidence from the medical examinations the Board requested on remand. Thus, we see no basis for concluding that the Board failed to consider any evidence bearing on Mr. Joy's condition.

Mr. Joy next argues that the Veterans Court erred by refusing to consider his claims of service connection for various other injuries. On appeal to the Veterans Court, Mr. Joy argued that he was entitled to service connection for various disabilities that

were unrelated to his lumbar condition. Those additional claims were not raised before the Board in this case. The statute that confers jurisdiction on the Veterans Court provides that the court has the "power to affirm, modify, or reverse a <u>decision of the Board</u> or to remand the matter as appropriate." 38 U.S.C. § 7252(a) (emphasis added). We have interpreted that statute to mean that the "court's jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed." <u>See Ledford v. West</u>, 136 F.3d 776, 779 (Fed. Cir. 1998) (holding that Veterans Court lacked jurisdiction to consider a veteran's claim for reinstatement of unemployability benefits because the veteran only presented the Board with a separate claim for disability benefits). Mr. Joy presented the Board with only a request for an increased rating for his lumbar condition. Accordingly, the Board's decision was confined to that claim, and the Veterans Court therefore properly concluded that it had no jurisdiction to consider claims that were not presented to the Board.

Finally, Mr. Joy argues that the Board failed to "give the veteran the benefit of the doubt." Mr. Joy is presumably referring to the statutory requirement that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). However, the Board in this case did not find an "approximate balance" of evidence on any material issues in this case. Rather, the Board found "no evidence" supporting Mr. Joy's entitlement to a disability rating greater than 20% for his lumbar condition. Thus, there was no issue on which Mr. Joy was entitled to the benefit of the doubt.