DECISION
LOURIE, Circuit Judge.
James E. LaPointe (“LaPointe”) appeals from the final decision of the United States *964 Court of Appeals for Veterans Claims (the “Veterans Court”) affirming the decision of the Board of Veterans’ Appeals (the “Board”) that denied his claim for a disability rating greater than thirty percent for service-connected asthma. LaPointe v. Nicholson, No. 03-2179, 2006 WL 2797153 (Vet.App. Sept. 20, 2006) (“Decision on Appeal ”). We lack jurisdiction to consider LaPointe’s challenges to the Veterans Court’s application of law to the facts of his case. We do have jurisdiction to consider LaPointe’s arguments based on the validity of 38 C.F.R. § 3.655 and constitutional due process. We therefore affirm-in-part and dismiss-in-part.
BACKGROUND
LaPointe served on active duty in the United States Navy from July 1983 to December 1989. In May 1991, LaPointe was granted service connection for asthma with allergic rhinitis symptoms. The Department of Veterans Affairs (“VA”) regional office (“RO”) assigned him a thirty percent disability rating, with an effective date of January 1990. Decision on Appeal, at *1.
In August 2002, LaPointe filed a claim for an increased disability rating “based on intermittent courses of systemic corticosteroids.” Id. The claim was referred to the RO for appropriate development. The RO obtained July 2002 medical records from a private physician, Dr. Hopkins, and scheduled a VA medical examination. La-Pointe elected not to attend the examination, stating that “[i]f you have the records from Dr. Hopkins then you have sufficient evidence to rate the case.” Id. The RO issued a decision in November 2002 maintaining the disability rating at thirty percent upon finding that the evidence did not support an increase in rating. The RO noted that the medical records only reflected treatment received in July 2002, and no records were available beyond that date.
In December 2002, LaPointe filed a claim for a 100 percent disability rating. The RO denied his claim later that month based on its review of the evidence. La-Pointe appealed that decision to the Board. In December 2003, the Board affirmed the RO’s decision, noting that LaPointe failed to report to the VA examination without good cause where the severity of his asthma could have been determined. Board Decision, slip op. at 2-3. Thus, his claim for an increased disability rating was denied. LaPointe then appealed to the Veterans Court.
On September 20, 2006, the Veterans Court affirmed that portion of the Board’s decision. Id. at 4. The court agreed with the Board’s conclusion that LaPointe’s daily use of a corticosteroid inhaler did not warrant a disability rating of 100 percent pursuant to Diagnostic Code (“DC”) 6602, because that provision “makes a distinction between the intermittent or daily use of systemic corticosteroids and the intermittent or daily use of inhaled corticosteroids.” Id. at 2. The court further rejected LaPointe’s additional arguments, but remanded the case for consideration of “appellant’s claim for separate ratings for allergic rhinitis, conjunctivitis and sinusitis.” Id. at 4.
LaPointe timely filed an appeal to this court. We have jurisdiction to hear this appeal pursuant to 38 U.S.C. § 7292.
DISCUSSION
We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, re *965 view the validity of “a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the [Veterans] Court in making the decision.” 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed.Cir.1991).
LaPointe raises three main contentions on appeal. First, LaPointe contends that the Veterans Court misinterpreted 38 C.F.R. § 4.97 DC 6602 by adopting a more restrictive form of the evaluation criteria. Second, LaPointe challenges the validity of 38 C.F.R. § 3.655(b), which provides that a claim for an increase in benefits shall be denied in the event that “a claimant fails to report for an examination.” Third, La-Pointe contends that his due process rights had been violated because the adjudication and hearing of his claim were arranged to be held in New Hampshire, not in his home state of Massachusetts. The Secretary responds that all of the arguments raised in LaPointe’s appeal involve the Board’s factual determinations and the Veterans Court’s application of the law to the facts, over which this court lacks jurisdiction to review on appeal.
We agree with the Secretary that we do not have jurisdiction over La-Pointe’s challenge to the Veteran’s Court’s finding on the diagnostic code issue. Under 38 U.S.C. § 7292(d)(2), we may not review factual findings or the application of the law to the facts in a Veterans Court decision, except to the extent that an appeal presents a constitutional issue. As to the first issue, LaPointe challenges “the Secretary’s rewriting of the rating criteria at 38 C.F.R. § 4.97 Diagnostic Code 6602.” LaPointe asserts that the court misinterpreted “corticosteroid” as “inhala-tional anti-inflammatory medication.” Relying on the plain language of the regulation, the Veterans Court accepted the Board’s conclusion that the use of a corticosteroid inhaler does not warrant a higher rating pursuant to DC 6602, and that the “systemic use of oral or parenteral, not inhaled, corticosteroids” qualifies for a rating greater than thirty percent. In reaching that conclusion, the Veterans Court merely applied the law to the facts of this case. As such, we lack jurisdiction to review that decision. Moreover, to the extent LaPointe is asking that we review or amend the criteria set forth in DC 6602, we lack authority to do so, absent a challenge to the constitutionality of the schedule. See Wanner v. Principi, 370 F.3d 1124, 1131 (Fed.Cir.2004) (“The Secretary’s discretion over the schedule, including procedures followed and content selected, is insulated from judicial review with one recognized exception limited to constitutional challenges.”).
Next, LaPointe argues that 38 C.F.R § 3.655(b) is invalid in light of 38 U.S.C. § 5107. The regulations provide, inter alia, that “[w]hen entitlement ... to a benefit cannot be established or confirmed without a current VA examination ... and a claimant, without good cause, fails to report for such examination ... a claim for increase ... shall be denied.” 38 C.F.R. § 3.655(a), (b). Section 5107 provides, in part, that “[t]he Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary.” 38 U.S.C. § 5107(b). La-Pointe fails to provide any persuasive basis for concluding that § 3.655(b) is inconsistent with § 5107. Indeed, the regulations mandate that the Secretary considers all evidence of record, while also placing a burden on the claimant to report for necessary examinations. Those provisions are not inconsistent with each other, particularly when “a claimant has the responsibility to present and support a claim for *966 benefits under laws administered by the Secretary.” 38 U.S.C. § 5107(a).
Moreover, in this particular case, the Board denied LaPointe’s claim after considering the evidence of record, which included LaPointe’s private medical records and prescription labels for a corticosteroid inhaler. Board Decision, slip op. at 2. The Board determined that that “evidence alone ... [was] not sufficient for a higher rating,” and implicitly found that the VA examination, which LaPointe failed to attend without good cause, was necessary to determine whether LaPointe was entitled to increased benefits. Id. Thus, the Board invoked § 3.655(b) and ultimately rejected his claim. Accordingly, even if we were to invalidate § 3.655(b), which we find no basis for doing, LaPointe’s claim for increase would nonetheless have been denied in light of the insufficient evidence he presented to the Board in support of his claim, a matter that we are not empowered to review.
Finally, LaPointe contends that his due process rights were violated because the hearing was arranged to be held in New Hampshire, rather than in his home state of Massachusetts. We construe this assertion liberally, as does LaPointe, as a constitutional argument. LaPointe relies on 38 C.F.R. § 3.103(e) and 38 C.F.R. § 20.904(a) in support of his argument. Those provisions, however, do not support his position. Neither section mandates that a hearing must be arranged in the claimant’s home state in order to comply with the requirements of due process. Instead, § 3.103(e) merely provides that “claimants are entitled to representation of their choice at every stage in the prosecution of a claim.” LaPointe fails to establish that he had been denied that right. Moreover, we conclude that LaPointe’s assertion that his constitutional right to due process was violated by holding a hearing in New Hampshire is without merit.
We have carefully considered the additional arguments raised in LaPointe’s brief and are unable to find any errors pertaining to either the validity or an interpretation of a rule of law, statute, or regulation. Accordingly, we find LaPointe’s arguments regarding constitutional due process and the validity of 38 C.F.R. § 3.655 to be without merit and affirm the Veterans Court’s decision. We dismiss for lack of jurisdiction the remainder of LaPointe’s appeal.