# United States Court of Appeals for the Federal Circuit

---

**GARY R. LARSON, JR.,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1647

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-744, Judge Amanda L. Meredith.

---

Decided: August 26, 2021

---

CHRIS ATTIG, Attig Steel, PLLC, Little Rock, AR, argued for claimant-appellant.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD, ERIC JOHN SINGLEY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs,

Washington, DC.

CHERYL ZAK LARDIERI, Perkins Coie LLP, Washington, DC, for amici curiae National Veterans Services Program, National Organization of Veterans' Advocates, Inc. Also represented by ALEXANDER O. CANIZARES, BETSELOT ZELEKE; JOHN D. NILES, Carpenter Chartered, Topeka, KS; BARTON F. STICHMAN, National Veterans Legal Services Program, Washington, DC.

_____

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Gary R. Larson, Jr. appeals the decision of the Veterans Court holding that it lacked jurisdiction to review a Board determination of what constitutes a disability under 38 U.S.C. § 1110. Because this court has previously held that the Veterans Court has jurisdiction to review a Board determination that a claimed condition did not constitute a disability for purposes of § 1110, we reverse the Veterans Court's jurisdictional finding and remand.

I

The relevant facts of this appeal are undisputed. Mr. Larson served on active duty for training in the United States Navy Reserves in 1988 and on active duty in the Navy from 1989 to 1993. He gained a substantial amount of weight before, during, and after his active service. In 2009, Mr. Larson filed a claim for service connection for multiple conditions, including the two conditions at issue in this appeal, obesity and dysmetabolic syndrome (DMS). The VA denied the claims in 2010 and the Board affirmed that denial in 2016, holding that neither DMS nor obesity was a disability because neither condition is ratable under the VA Schedule of Rating Disabilities (rating schedule). Mr. Larson appealed to the Veterans Court.

As relevant here, the Veterans Court affirmed the Board's denial of service connection for DMS and obesity, holding that it lacked jurisdiction to review a Board determination of what constitutes a disability under § 1110. Relying on this court's decisions in *Wanner v. Principi*, 370 F.3d 1124 (Fed. Cir. 2004) and *Wingard v. McDonald*, 779 F.3d 1354 (Fed. Cir. 2015), and the Veterans Court's decision in *Marcelino v. Shulkin*, 29 Vet. App. 155 (2018), the Veterans Court reasoned that such inquiry amounted to a review of the ratings schedule, which is prohibited by 38 U.S.C. § 7252(b). This appeal followed.

II

This court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied on by the Veterans Court that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." § 7292(d)(1). We review the Veterans Court's legal determinations de novo. *Kyhn v. Shinseki*, 716 F.3d 572, 575 (Fed. Cir. 2013).

Mr. Larson argues on appeal that the Veterans Court legally erred when it held that the prohibition against review of the rating schedule deprived it of jurisdiction to review the Board's determination that DMS and obesity were not disabilities for § 1110 purposes. Specifically, Mr. Larson asserts that in *Saunders v. Wilkie*, 886 F.3d 1356 (Fed.

Cir. 2018), this court considered the legal standard governing what constitutes a disability under § 1110 and held that the Veterans Court has jurisdiction to review a Board determination of the same. Appellant's Br. 38–39. The government argues in response that this court held in *Wanner* that review of the meaning of "disability" under § 1110 is equivalent to a direct challenge to the rating schedule and that Congress intended to include the type of challenge presented here in the prohibition against judicial review expressed in 38 U.S.C. § 7252(b). The government further argues that *Saunders* is distinguishable from Mr. Larson's appeal.

### III

### A

We begin with the relevant statutory provisions. 38 U.S.C. § 1110 sets forth the basic entitlement for veterans' disability benefits:

> For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war, the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease was incurred, or preexisting injury or disease was aggravated, compensation as provided in this subchapter.

38 U.S.C. § 1110 (1998).

38 U.S.C. § 7252 establishes the exclusive jurisdiction of the Veterans Court to review decisions of the Board. However, the Veterans Court "may not review the schedule of ratings for disabilities adopted under § 1155 of this title or any action of the Secretary in adopting or revising that

schedule." § 7252(b). The legislative history of the Veterans' Judicial Review Act, which created the Veterans Court, adds further context to this jurisdictional limitation. Senate Report 100-418 explains that, under the restriction, a "court would not be permitted to direct or otherwise order that any part of a disability rating schedule issued or adopted by the Administrator be modified." S. Rep. 100-418 at 53 (1988). House Report 100-963 similarly notes that the prohibition was prompted by "apprehension . . . that the VA schedule for rating disabilities . . . would be destroyed by piecemeal review of individual rating classifications." H.R. Rep. 100-963 at 28 (1988). Thus, "[t]he language in the legislative history is not limited to the percentages of the disability ratings, . . . but matches the statutes in broadly precluding judicial review of the contents of the disability rating schedule in toto." *Wanner*, 370 F.3d at 1130.

The question before us is therefore narrow: Does a Board decision concerning what constitutes a disability under § 1110 necessarily implicate the content of the rating schedule and thus trigger § 7252(b)'s restriction on the Veterans Court's jurisdiction?

B

We next turn to our precedent interpreting § 1110 and the prohibition against judicial review of the rating schedule.

The government argues that this court held in *Wanner* that a challenge to a Board determination of what constitutes a disability under § 1110 is "'indistinguishable' from 'direct review of the content of the rating schedule.'" Appellee's Br. 19 (quoting *Wanner*, 370 F.3d at 1131). We disagree. In *Wanner*, the veteran "sought a compensable rating because of an increase in the severity of his Tinnitus." 370 F.3d at 1126. The VA maintained the non-compensable or zero percent rating for his tinnitus because the relevant Diagnostic Code, DC 6260, required that, to receive a

compensable rating, the tinnitus be a symptom of "head injury, concussion, or acoustic trauma." *Id.* The Veterans Court addressed the merits of the veteran's claim and concluded that the trauma requirement of DC 6260 was invalid because it conflicted with § 1110. This court reversed, holding that the Veterans Court lacked jurisdiction to review the content of the rating schedule. *Id.* at 1129–30. The government argues that *Wanner* therefore stands for the proposition that the Veterans Court is without jurisdiction to review "what should be considered a disability," including for § 1110 purposes. Appellee's Br. 7. But *Wanner* unambiguously involved a direct challenge to the content of the rating schedule: the Veterans Court had invalidated the trauma requirement of DC 6260. *See also Wingard*, 779 F.3d at 1356 (holding that the Veterans Court did not have jurisdiction over a challenge to the contents of the rating schedule adopted by the Secretary). To the extent that *Wanner* involved a challenge to the meaning of "disability," it did so in the narrow context of how a ratable disability was defined by a specific Diagnostic Code. Section 1110 was only implicated in *Wanner* because the Veterans Court had invalidated a provision of the rating schedule as inconsistent with § 1110. *See* 370 F.3d at 1127–28.

The government further contends that even if our holding in *Wanner* is confined to its context, we should nonetheless extend that holding now because, based on the statutory scheme, "review of what constitutes a § 1110 disability is no different from review of what is entitled to a § 1155 disability rating—which directly implicates the content of the rating schedule." Appellee's Br. 19. Again, we disagree. We can find no statutory requirement—and the government points to none—that if the VA (or the Board or the Veterans Court) determines that a condition not listed on the rating schedule constitutes a disability under § 1110, it must modify the rating schedule. And there are potential ancillary benefits to which a veteran with an unratable service-connected disability would be entitled that

are unrelated to any compensation contemplated by the rating schedule, including priority access to VA health care, 38 U.S.C. § 1710(a)(1)(A), and preference in federal hiring, 5 U.S.C. §§ 3309, 2108. *See* Amicus Br. 22 (listing ancillary benefits). Thus, reviewing a determination by the Board that a claimed condition does not constitute a disability under § 1110, by itself, leaves the rating schedule undisturbed.

In *Saunders*, we specifically held that the Veterans Court can review what constitutes a disability. There, the Veterans Court affirmed a Board decision holding that a veteran's knee pain, "absent a specific diagnosis or otherwise identified disease or injury, cannot constitute a disability under 38 U.S.C. § 1110." *Saunders*, 886 F.3d at 1358. This court reversed, holding that the Veterans Court had applied the wrong legal standard in determining that, for an ailment to constitute a disability under § 1110, it must be accompanied by a "diagnosis or identifiable condition." *Id.* at 1368. Instead, this court held that the legal definition governing the term "disability" as used in § 1110 was "the functional impairment of earning capacity, not the underlying cause of said disability." *Id.* at 1363. Whether the Veterans Court had jurisdiction to review that Board determination in light of § 7252(b) was not raised in that appeal. *See id.* Nonetheless, *Saunders* articulated a definition of "disability" for § 1110 purposes that is distinct from and not coextensive with disabilities listed on the rating schedule.

IV

Having established that this court's holdings in *Wanner* and *Wingard* are distinct from and not in conflict with *Saunders*, the question before us becomes whether Mr. Larson's appeal is a challenge to the content of the rating schedule, as in Wanner and Wingard, or whether he seeks review of the Board's determination of what constitutes a disability for § 1110 purposes only, as in *Saunders*.

Although knee pain, DMS, and obesity can relate to ratable disabilities, they do not appear as independent disabilities on the rating schedule. Mr. Larson, like the veteran in *Saunders* and distinct from the veterans in Wanner and Wingard, seeks only to establish service connection for his conditions under § 1110 and is not asking the Veterans Court to invalidate or revise any portion of the rating schedule. Accordingly, we conclude that Mr. Larson's case is analogous to *Saunders*.

Because *Saunders* controls the outcome of this appeal, we hold that the Veterans Court legally erred when it determined that it lacked jurisdiction to review the Board's denial of Mr. Larson's claim for service connection for DMS and obesity. Section 7252(b)'s restriction of the Veterans Court's jurisdiction is not implicated where, as here, a veteran seeks only to establish that her conditions are service-connected disabilities for § 1110 purposes. Mr. Larson does not ask the Veterans Court to invalidate or modify a portion of the rating schedule, nor does he ask the Veterans Court to order the VA to assign him a rating for a condition inconsistent with the rating schedule. *Cf. Wingard*, 779 F.3d at 1356–57 (explaining that the Veterans Court lacked jurisdiction over a challenge to a regulation creating a "zero-percent" disability rating). Thus, the Veterans Court is not prohibited from reviewing Mr. Larson's appeal of the Board's determination that DMS and obesity were not disabilities under § 1110.[1]

---

[1]    We need not discuss at this juncture whether DMS or obesity are properly considered disabilities for § 1110 purposes under *Saunders*, nor whether Mr. Larson's DMS and obesity—should they be deemed disabilities—are connected to his service. These determinations must be made by the VA in the first instance.

## V

We have considered the parties' remaining arguments and find them unpersuasive. Because we agree with Mr. Larson that 38 U.S.C. § 7252(b) does not bar the Veterans Court from reviewing a Board determination of what constitutes a disability for purposes of 38 U.S.C. § 1110, we reverse that portion of the Veterans Court's decision and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**