NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KYLE CASALETTO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1025

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-0254, Chief Judge Margaret C. Bartley.

_____

Decided:  June 12, 2023

_____

KYLE CASALETTO, Saint Peters, MO, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

_____

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

### BACKGROUND

On January 6, 2022, veteran Kyle Casaletto filed a petition for mandamus in the United States Court of Appeals for Veterans Claims ("Veterans Court"). According to the Veteran's Court, "Mr. Casaletto's petition include[d] eight discernable requests for relief or intervention by [the Veteran's] Court," and one "general disagreement." *Casaletto v. McDonough*, No. 22-0254, 2022 WL 884222, at *1, 3 (Vet. App. Mar. 25, 2022) ("*Order*").

The Veterans Court denied mandamus relief for all requests and the disagreement. Three of Mr. Casaletto's requests concerned a different case brought by Mr. Casaletto pending before the Veterans Court.[1] The Veterans Court noted that these requests should be dealt with under that other case's docket number and denied the mandamus petition, apparently because Mr. Casaletto had an adequate remedy in that other pending case.

Mr. Casaletto's fourth request sought the Veterans Court's help in finding pro bono counsel, and the court noted that as "an independent judicial body that is not part of the VA, [the Veterans Court] does not provide such services." *Id* at *2. The eighth request was an objection to the VA's rating schedule, which the Veterans Court held it was without authority to address. *Id.* at *2 (citing *Wanner v. Principi*, 370 F.3d 1124, 1131 (Fed. Cir. 2004)). The Court

---

[1] These were the second ("that [the Veterans] Court should certify a controlling question of law to the Supreme Court"), fifth ("that the Court respond to all motions currently pending" in another case), and sixth (that certain records be included in that same other case) requests, as labeled by the Veteran's Court.

also held that it did not have jurisdiction over the first ("that [the] Court notify the Senate and House Committees of Veterans' Affairs regarding the filing of his petition") and third ("that [the] Court exercise jurisdiction over his FOIA requests") requests. *Id.* at \*2. With respect to the seventh request ("that he receive travel pay for [Veteran Readiness and Employment] appointments"), the court noted that Mr. Casaletto's remedy was to contact the VA. *Id.* at \*3. Finally, as to Mr. Casaletto's general disagreement, the court noted that "his disagreements are with the merits of the [VA's] benefits decisions," and "[a]s such, his recourse is to appeal those determinations by means of the VA claims and review process" rather than via a mandamus petition to the Veterans Court. *Id.*

The court noted that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Id.* at \*1 (quoting *Kelley v. Shinseki*, 26 Vet. App. 183, 185 (2013) (per curiam)) (alteration in original). The court held that "Mr. Casaletto ha[d] not established a clear and indisputable right to a writ that the Court could grant in aid of its potential jurisdiction" and denied all requests for relief. *Id.* at \*3. Mr. Casaletto attempted to appeal to the Eighth Circuit but, after being informed that the Veterans Court cannot transmit an appeal to that Circuit, he timely appealed to this court.

## DISCUSSION

This court only has jurisdiction to review the Veterans Court's decision whether to deny a mandamus petition when that petition raises non-frivolous legal questions otherwise within our jurisdiction. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); 38 U.S.C. § 7292(d). Mr.

Casaletto's petition has not raised any such questions.  As such, we dismiss this appeal for lack of jurisdiction.[2]

**DISMISSED**

COSTS

No costs

---

[2]    Since the close of briefing, Mr. Casaletto has filed several documents with the court, some styled as motions. We deny all pending motions and requests as moot.