Jeremiah SIMINGTON, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 95–948.

United States Court of Veterans Appeals.

Jan. 26, 1998.

Jeremiah Simington, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and Joan E. Moriarty, Washington, DC, were on the pleadings for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

IVERS, Judge:

The appellant appeals from a June 16, 1995, Board of Veterans' Appeals (BVA or Board) decision granting service connection for the veteran's tooth number 24 by reason of dental trauma, for the purpose of receiving VA outpatient dental treatment. Service connection for other teeth based on claimed trauma was denied. For the reasons stated below, the Court will vacate and remand a portion of the BVA's June 16, 1995, decision.

## I. FACTS

The veteran served on active duty from March 1953 to March 1955 and from February 1 to May 1, 1991. Record (R.) at 4, 17, 19. The appellant's separation examination in March 1955 noted that teeth numbers 17, 19, 29, 30, and 32 were missing. R. at 14.

An April 15, 1991, service medical record (SMR) shows that the appellant bumped his mouth and had a loose tooth. R. at 63. SMRs from April to May 1991 reveal that the appellant had severe longstanding periodontal disease. R. at 64–68. Periodontal disease is any of a group of pathological conditions that affect the surrounding and supporting tissues of the teeth. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 487 (28th ed.1994). An April 22, 1991, entry noted that conditions that existed prior to service included severe advanced periodontal disease relating to all remaining teeth. It was noted that initial treatment for periodontal disease would begin, including scaling, but that the appellant's periodontal problems could not be treated within the time of eligibility. It was reiterated that the conditions had existed prior to service. R. at 65. A May 3, 1991, service department record entry listed teeth numbers 17, 23, 25, 26, and 28 as "periodontally hopeless." Teeth numbers 7, 8, 9, and 10 were considered "periodontally involved" and "hopeless." R. at 66. (The Court notes

that there is a discrepancy in the record regarding tooth number 17. *See supra.*)

In May 1991 the appellant filed an application for compensation or pension for, inter alia, a dental accident in April 1991. R. at 40. A May 21, 1991, letter from the Department of the Army, U.S. Army Dental Activity, Fitzsimons Army Medical Center (Fitzsimons), revealed that the appellant was currently under treatment for advanced periodontal disease. Treatment was necessary because of an infection that had resulted in the loss of one tooth. The letter explained that several other teeth required extraction, periodontal surgery was necessary, and a new denture was needed to "adequately control his disease." R. at 21. A June 1991 service department record revealed that the appellant had teeth numbers 18, 23, 25, 26, and 29 extracted. R. at 64.

In July 1991 the appellant submitted a statement reporting that, on April 15, 1991, some of his teeth were loosened when, while walking down a hallway and eating an apple, he was hit by a door. R. at 72. He revealed that he was receiving dental care at Fitzsimons. He explained that he was "still unable to eat properly or adequately to maintain good nutrition and eating habits due to the loss of teeth, peridontal [sic] surgeries and eating discomfort." R. at 73. Attached was the April 15, 1991, SMR which indicated, "[B]umped mouth—has loose tooth—tooth came loose when eating an apple." R. at 81; *see also* R. at 63.

In November 1991 the appellant submitted an application for medical benefits for dental treatment. R. at 76–77. In a May 1992 dental rating decision, no evidence of dental trauma was noted. It was also noted that the veteran had had preexisting advanced periodontal disease. R. at 92. The appellant submitted a Notice of Disagreement. R. at 94. A Statement of the Case (SOC) was issued. R. at 97–104. The appellant submitted an Appeal to the Board of Veterans' Appeals. R. at 106–07.

On December 9, 1992, the appellant testified that, early in the morning of April 15, 1991, he saw a dentist about his loose tooth. The dentist indicated that he could detect

problems with some other teeth, but he was not a periodontist. At that time, a temporary prosthesis was mounted in his mouth. The appellant was told to see a periodontist as soon as possible. R. at 113. The appellant indicated that it was his belief that teeth numbers 23 and 25 were also injured in the accident. R. at 117. In March 1993 the hearing officer confirmed the decision denying entitlement to dental treatment based upon dental trauma. R. at 122–23. A Supplemental SOC was issued. R. at 125–28.

On June 16, 1995, the BVA rendered the decision currently on appeal. The Board granted service connection for missing tooth number 24, by reason of dental trauma, for the purpose of receiving VA outpatient dental treatment. Service connection was denied for other teeth based on claimed trauma. R. at 9.

On January 11, 1996, the appellant submitted documents to the Court that had not been designated as part of the Record on Appeal (ROA). On March 25, 1996, the Secretary filed the ROA. On April 24, 1996, the appellant filed his informal brief. On July 2, 1996, the Court's Central Legal Staff conducted a telephonic conference pursuant to Rule 10 of this Court's Rules of Practice and Procedure regarding the designation of the ROA, but the dispute was not resolved. In a September 6, 1996, order, the appellant was given an opportunity to submit evidence to corroborate his assertion that the disputed documents were previously proffered to the Secretary. On December 9, 1996, the appellant's response was filed. In a December 17, 1996, order, the Court denied inclusion in the record of the documents counter designated by the appellant. On January 8, 1997, the Court received the Secretary's response to the Court's September 6, 1996, order.

## II. ANALYSIS

### A. Counter Designation of the Record

■ Counter designation of the record (CDR) will be permitted where the record before the Court reflects that, in proceedings below, the appellant submitted to VA and VA accepted documents for incorporation into the veteran's claims file. The Court holds that in this case, there is no evidence in the ROA that any of the evidence in the appellant's CDR was previously given to an employee of VA. There have been no affidavits or other evidence submitted, e.g., an original document with the date stamp showing VA receipt, a hearing transcript reference to the proffer or acceptance of the documents, a certified mail receipt, or any other information, that would corroborate that the documents were, at any time prior to the June 16, 1995, BVA decision, in the Secretary's possession. Therefore, the Court has no alternative but to deny the appellant's CDR.

### B. Service Connection

■ Determinations regarding whether a particular disability was incurred in or aggravated by service and the degree of impairment for purposes of rating such a disability are findings of fact. *Francisco v. Brown*, 7 Vet.App. 55, 57–58 (1994); *Stegman v. Derwinski*, 3 Vet.App. 228, 229–30 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). Factual findings of the BVA will be overturned by this Court only if found to be "clearly erroneous." 38 U.S.C. § 7261(a)(4); *Francisco*, 7 Vet.App. at 57; *Gilbert*, 1 Vet.App. at 52–53. Under this standard of review, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Id.* at 53. The BVA must base its decisions on "all evidence and material of record." 38 U.S.C. § 7104(a). Also, the BVA must provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1); *Gilbert*, 1 Vet.App. at 56–57. Pursuant to these statutory requirements, the BVA must "account for the evidence which it finds to be persuasive or unpersuasive," and provide reasons or bases for rejecting all material evidence submitted by or on behalf of the claimant. *Id.* at 57; *see also Caluza v. Brown*, 7 Vet.App. 498 (1995); *Gabrielson v. Brown*, 7 Vet.App. 36 (1994).

The schedule of ratings in chapter 4 of title 38, Code of Federal Regulations, distinguishes between "replaceable missing teeth" or periodontal disease and teeth lost as a result of "loss of substance of body of maxilla or mandible." *Compare* 38 C.F.R. § 4.149 (1997) *with* 38 C.F.R. § 4.150, Diagnostic Code (DC) 9913 (1997). The former "may be considered service-connected solely for the purpose of determining entitlement to dental examinations or outpatient dental treatment", 38 C.F.R. § 4.149, but the loss of teeth as described in the latter provision is rated, in accordance with the diagnostic code, when their loss is service connected, and may be rated anywhere from 0% to 100% disabling, 38 C.F.R. § 4.150, DC 9913. In the instant case, because the appellant's lost teeth are "replaceable missing teeth" within the meaning of § 4.149, the only issue is *which* of those missing teeth are to be service connected for the purposes of dental examinations or outpatient dental treatment of those individual teeth. Under the regulations,

> Each missing or defective tooth and each disease of the investing tissues will be considered separately, and service connection will be granted for disease or injury of individual teeth and of the investing tissues, shown by the evidence to have been incurred in or aggravated by service.

38 C.F.R. § 3.381(a) (1997). Treatable carious teeth, replaceable missing teeth, and periodontal disease are not disabling conditions, and may be considered service connected solely for the purpose of determining entitlement to dental examinations or outpatient dental treatment. 38 C.F.R. §§ 4.149, 17.120, 17.123 (1997); *see also* 38 U.S.C. § 1712(a)(1)(C).

■ The Board determined that service connection for tooth number 24 by reason of trauma was warranted. As to the appellant's other teeth, the record shows that the appellant suffered from periodontal disease for a long time prior to service. *See* R. at 14, 21, 65–66. The BVA noted that the immediate need for treatment in service extended only to tooth number 24 and that the veteran's need for treatment of the longstanding periodontal disease could not be accomplished while he was in service in 1991. R. at 8. The Board noted that, after the appellant's discharge on May 1, 1991, he continued to need dental treatment and that on May 3, 1991, several of the appellant's teeth were described as "hopeless" and "periodontally involved." R. at 66. There is no indication in the treatment records or in the May 1991 letter from the dentist at Fitzsimons that trauma was involved, as the veteran suggested, in the need to remove teeth other than tooth number 24. As for teeth numbers 17, 18, 23, 25, 26, and 29, the record reflects that they were extracted because of the preexisting, longstanding, periodontal disease. As the BVA noted, the preponderance of the evidence is against the claim that teeth numbers 17, 18, 23, 25, 26, and 29 were extracted due to trauma. The evidence that is most probative, the actual examination and treatment records in and after service, and the statement by the veteran's treating dentist, make no reference to dental trauma relating to these teeth. The appellant is the only person to opine that all his teeth were affected by the trauma during service. The Board is not required to accept the uncorroborated statement of a claimant as to the basis for dental treatment during service. *Owens v. Brown*, 7 Vet.App. 429 (1995).

■ The appellant asserts that the loss of his one tooth required the extraction of the other teeth to form a proper replacement. In a December 1992 RO hearing the veteran stated that he had been told by the dentist at Fitzsimons that "to replace the teeth properly, that those other loose, damaged teeth would have to be extracted." R. at 114. This is supported by a notation that indicates that a plate could not be made until the "hopeless" teeth were removed. R. at 64. The BVA addressed this contention only insofar as it said that the other extractions were due to periodontal disease. R. at 8. The BVA stated that there was no indication in the record that the other teeth were removed as a result of trauma; however, it is not clear from the record whether his teeth were removed *solely* due to the preexisting periodontal disease or for other reasons. It would appear that, in order for the required treatment in the form of a plate to be given

to tooth number 24, other teeth would have to be removed. R. at 64, 114. It would also appear that the other teeth could be considered secondarily service connected, a contingency not discussed by the Board in its 1995 opinion. *See* 38 C.F.R. § 3.310(a) (1997) ("Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected."). Pursuant to 38 U.S.C. § 7104(d)(1), a final decision of the Board must include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record . . . ." This Court has held "that the BVA [must] articulate with reasonable clarity its 'reasons or bases' for decisions, and in order to facilitate effective judicial review, the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert,* 1 Vet.App. at 57. Where the Board fails to fulfill its 38 U.S.C. § 7104(d)(1) reasons or bases duty, the Court is prevented from effectively reviewing the adjudication. *Meeks v. Brown,* 5 Vet.App. 284, 288 (1993); *Browder v. Brown,* 5 Vet.App. 268, 272 (1993). The Court holds that inadequate reasons or bases were provided in the June 1995 BVA decision and will remand the case to permit the BVA to remedy that deficiency. On remand, the reasons or bases should include, if appropriate, an examination of the evidence in light of the benefit of the doubt rule. 38 U.S.C. § 5107(b) (when there is "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant").

█ The appellant also requests reimbursement for living expenses he incurred while being treated for dental problems at Fitzsimons. Appellant's Informal Brief at 1. However, this Court does not have authority to order monetary damages. *Bagwell v. Brown,* 9 Vet.App. 337, 338 (1996); *McRae v. Brown,* 9 Vet.App. 229, 235 (1996).

### III. CONCLUSION

For the reasons stated above, that portion of the BVA's June 16, 1995, decision denying service connection for teeth other than tooth number 24 is VACATED and the matter is REMANDED for readjudication consistent with this opinion.