# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1384

REGIS J. BYRD, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided      December 23, 2005      )

*Mark R. Lippman*, of La Jolla, California, was on the pleading for the appellant.

*Tim McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty,* Deputy Assistant General Counsel; and *David L. Quinn*, all of Washington, D.C., were on the pleading for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and MOORMAN, *Judges.*

MOORMAN, *Judge*:   The appellant, veteran Regis J. Byrd, appeals, through counsel, a July 21, 2004, decision of the Board of Veterans' Appeals (Board) that denied VA disability compensation for gum disease. She argues that VA regulation 38 C.F.R. § 3.381(a), which precludes compensation for service-connected periodontal disease (also known as gum disease), conflicts with 38 U.S.C. §§ 1110 and 1131, the statutory provisions authorizing VA disability compensation for disabilities resulting from an injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, in active service. Appellant's Brief (App. Br.) at 2-5. The Secretary argues that, pursuant to the rating schedule, periodontal disease is not considered to be a disabling condition. Secretary (Sec'y) Br. at 4-8. For the reasons set forth below, the Court will affirm the July 2004 Board decision.

# I. Relevant Background

Ms. Byrd served on active duty in the U.S. Air Force from August 1952 to November 1953, March 1981 to June 1987, November 1987 to March 1988, and from June 1990 to September 1990. Record (R.) at 8-11; *see* R. at 2. She had additional service with the Naval Reserve. R. at 8-11. Her July and August 1952 enlistment medical examinations did not reveal any dental problems. R. at 14-21. Her service medical records (SMRs) showed delayed healing of her gums after an October 1952 tooth extraction. R. at 22. During a November 1953 dental examination it was discovered that Ms. Byrd was missing six teeth and had two other teeth capable of restoration. R. at 24. A June 1973 annual Naval Reserve dental examination report revealed that all of her upper teeth had been replaced by dentures and that she was missing six lower teeth. R. at 32; *see also*, *e.g.*, R. at 48 (showing same dental information on June 1977 examination report), 96 (showing essentially the same dental information in 1992). A March 1986 SMR recorded that Ms. Byrd had reported that a tooth extraction 15 years earlier had led to excessive bleeding. R. at 73-74.

In December 2000, Ms. Byrd filed a claim for VA outpatient treatment and service-connected compensation for gum disease. R. at 99. In October 2001, a VA regional office (RO) denied her claim for compensation on the basis that periodontal disease, claimed as gum disease, is not a disabling condition but that her gum disease may be considered service connected solely for the purpose of VA dental examination or outpatient dental treatment. R. at 112-13. She appealed to the Board. R. at 121-22, 124-42, 144. Following the receipt of additional evidence, the RO issued a Supplemental Statement of the Case, again explaining that periodontal disease is not a condition for which VA pays compensation. R. at 153. The RO also noted that in January 2001 a copy of her dental claim was sent to the VA Medical Center in Hampton, Virginia, and that she should contact that facility for any dental treatment. R. at 153.

On July 21, 2004, the Board issued the decision on appeal. R. at 1-4. The Board determined that, under the law administered by VA, gum disease is not a disability for which VA disability compensation is payable. R. at 2-4. Citing 38 C.F.R. § 3.381(a), the Board noted that periodontal or gum disease will be considered service connected solely for the purpose of establishing eligibility for outpatient dental treatment. R. at 3. The Board also stated:

While there is evidence in service of delayed healing of the gums, following extraction of some teeth, gum disease was not documented during service and it is not clear that the veteran currently has gum diseases. In any event, gum disease is not a disability for which compensation may be paid so [sic] the present claim must be denied because of the absence of legal merit.

R. at 4. The Board further noted that a claim for service connection for a dental disorder is also considered a claim for VA outpatient dental treatment and stated that the claim for outpatient dental treatment had been referred by the RO to the appropriate VA medical center. R. at 2.

On appeal, the appellant's sole argument is that the Board erred in relying on 38 C.F.R. § 3.381(a) to deny her claim for VA compensation. She contends that § 3.381(a) conflicts with 38 U.S.C. §§ 1110 and 1131, the statutory provisions that authorize VA to compensate veterans for their disabilities. App. Br. at 2-5. She asserts that "disability" means "impairment in earning capacity resulting from such disease or injuries" but that § 3.381(a) categorically disallows compensation for certain dental conditions, regardless of their effect on a veteran's earning capacity. App. Br. at 4 (quoting 38 C.F.R. § 4.1 (2004)). She also notes that the Secretary fails to give any rationale for the regulatory restriction excluding gum disease and that the omission is significant in light of the Secretary's having once considered similar dental disabilities compensable. App. Br. at 5 (citing *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991)).

Relying on *Simington v. West*, the Secretary counters that periodontal disease is not a disabling condition. Sec'y Br. at 4-6 (citing *Simington*, 11 Vet.App. 41 (1998)). He argues that the schedule of ratings under 38 C.F.R. § 4.150 sets forth the conditions that are considered "disabling" and that periodontal disease is not included but, instead, is excluded with an explanation that it is not considered to be a disabling condition. Sec'y Br. at 7. He also argues that his authority for promulgating § 3.381 lies not in the statutory provisions cited by the appellant but in 38 U.S.C. § 1712, which provides the eligibility requirements for VA outpatient treatment of dental conditions and disabilities. Sec'y Br. at 6-7.

In reply, the appellant contends that the Court's decision in *Simington* is not controlling because it addressed only the issue of service connection for the purpose of receiving VA outpatient dental treatment and did not address service connection of gum disease for the purpose of disability compensation. Reply at 1. The appellant further contends that the Secretary's reference to section

1712 contradicts his position because (1) it provides for VA treatment of a dental condition even though the condition is not disabling, 38 U.S.C. § 1712(a)(1)(B), and (2) it does not authorize the Secretary to promulgate regulations restricting or excluding certain dental conditions for the purpose of compensation or disability rating. Reply at 2.

## II. Analysis

This Court's jurisdiction is described in 38 U.S.C. § 7252(b):

> (b) Review in the Court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.

38 U.S.C. § 7252(b). Section 1155 of title 38, U.S. Code, provides, in pertinent part:

> The Secretary shall adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations.

38 U.S.C. § 1155. Section 1110 of title 38, U.S. Code, provides, in pertinent part:

> For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war, the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease was incurred, or preexisting injury or disease was aggravated, compensation as provided in this subchapter, but no compensation shall be paid if the disability is a result of the person's own wilful misconduct or abuse of alcohol or drugs.

38 U.S.C. § 1110; *see* 38 U.S.C. § 1131 (similar provision for peacetime disability compensation).

Section 7252(b) removes from this Court's jurisdiction all review involving the content of the rating schedules and the Secretary's actions in adopting or revising them. *See Wanner v. Principi*, 370 F.3d 1124, 1130 (Fed. Cir. 2004). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Wanner* stated: "[T]he schedule of ratings consists of both the ratings and the injuries for which the ratings are provided. The Secretary's discretion over the schedule, including procedures

4

followed and content selected, is insulated from judicial review with one recognized exception limited to constitutional challenges." *Wanner*, 370 F.3d at 1131.

In *Wanner*, the Federal Circuit held that this Court lacked jurisdiction to review the content of 38 C.F.R. § 4.87a, Diagnostic Code (DC) 6260 (1998), the provision of the rating schedule that assigns a 10% disability rating for "Tinnitus: Persistent as a symptom of head injury, concussion or acoustic trauma." *Wanner*, 370 F.3d at 1130-31. The appellants in that case had argued that because the trauma requirement of DC 6260 limited the payment of benefits to only certain veterans suffering from service-connected tinnitus, the provision drew distinctions that were impermissible under section 1110's mandate requiring the United States to pay benefits "to any veteran thus disabled." *Id.* at 1128. The Federal Circuit held that this Court, pursuant to section 7252(b), lacked jurisdiction to review the rating schedule for compliance with the statutory authority under which disability compensation is paid, 38 U.S.C. § 1110, and thus lacked jurisdiction to invalidate the pre-1999 DC 6260 trauma requirement as inconsistent with section 1110. *Wanner*, 370 F.3d at 1129-31. The Federal Circuit there found "impermissible" this Court's "direct review of the content of the rating schedule" and concluded that it was "indistinguishable from the review of 'what should be considered a disability.'" *Id.* at 1131 (quoting *Wanner v. Principi*, 17 Vet.App. 4, 14-15 (2003)). *But see Sellers v. Principi*, 372 F.3d 1318, 1324 (Fed. Cir. 2004) (holding that Court had jurisdiction to entertain challenge to VA interpretation of 38 C.F.R. § 4.130).

The parties do not dispute that VA regulations exclude from VA compensation the condition at issue here. While Ms. Byrd cites to 38 C.F.R. § 3.381(a), the essence of her argument, as the regulatory history of § 3.381(a) and § 4.150 below shows, is a challenge to the content of 38 C.F.R. § 4.150, which does not list periodontal disease as a disability or a compensable disability and which contains a Note stating that loss of the alveolar process as a result of periodontal disease "is not considered disabling." The appellant's challenge would require the Court to review the content of a rating-schedule regulation, which review the Court cannot undertake, *see Wanner*, *supra*, and not simply to interpret its provisions. *See Sellers*, 372 F.3d at 1324 (concluding that appellants' argument challenged VA's interpretation of regulation § 4.130 ("Schedule of ratings – mental disorders"), specifically the relationship between the DSM-IV (DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th ed.) and the general rating formula). Even though Ms. Byrd

raises this argument for the first time on appeal to the Court, we "may hear legal arguments raised for the first time with regard to a claim that is properly before the [C]ourt." *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000). The Court has a duty to "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." 38 U.S.C. § 7261(a)(1); *see e.g.*, *Davenport v. Brown*, 7 Vet.App. 476 (1995); *Tallman v. Brown*, 7 Vet.App. 453 (1995); *Gardner v. Derwinski*, 1 Vet.App. 584 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994).

Regulation § 4.150 is entitled "Schedule of ratings–dental and oral conditions" and lists disabilities with assigned DCs, DC 9900 through DC 9916. DC 9913 provides rating criteria and disability percentages for loss of teeth. 38 C.F.R. § 4.150, DC 9913 (2005). DC 9913 is assigned for loss of teeth as a result of "loss of substance of body of maxilla or mandible without loss of continuity" and provides, where the lost masticatory surface cannot be restored by suitable prosthesis, for a range of ratings from 10% to 40%, and also provides, where the loss of masticatory surface can be restored by suitable prosthesis, for a 0% disability rating. *Id.* The Note appended to that DC reads: "NOTE–These ratings apply only to bone loss through trauma or disease such as osteomyelitis, and not to the loss of the alveolar process as a result of periodontal disease, since such loss is not considered disabling." In the instant case, there is no evidence that bone loss was the cause of Ms. Byrd's loss of teeth. Indeed, she concedes that her loss was the result of periodontal disease.

The regulatory history of § 4.150 shows that prior to 1994 that regulation listed (below a Note similar in wording to that quoted above) the following dental conditions with no DC assigned: Carious teeth, treatable; Missing teeth, replaceable; Dento-alveolar abscess; Pyorrhea alveolaris; and Vincent's stomatitis. A 0% rating was assigned to these conditions. 38 C.F.R. § 4.150 (1993). In January 1993, VA issued a proposed rule, inter alia, to delete these dental conditions from § 4.150 and to add a new section designated "§ 4.149," which stated that these dental conditions were not compensable conditions, but may be considered service connected conditions solely for the purpose of establishing entitlement to VA dental examinations or VA outpatient dental treatment. 58 Fed. Reg. 4961 (Jan. 19, 1993). When proposing this revision to the rating schedule, the

Secretary in the Supplementary Information noted that "[u]nlike other disabilities in the schedule these conditions are not considered disabling" and that "the issue of service connection is addressed by raters only for the purpose of determining entitlement to outpatient dental treatment" under the provisions of 38 C.F.R. §§ 3.382 and 17.123. 58 Fed. Reg. at 4961. The Secretary explained: "Since the rating schedule is primarily a classification and guide for the evaluation of disabilities, and since the VBA adjudication manual, M21-1, contains procedural instructions regarding dental ratings, inclusion of these non-disabling conditions in the rating schedule serves no useful purpose." *Id.*

Consistent with the proposed rule, the Secretary issued his final regulation that, inter alia, created new § 4.149 in part 4, the schedule for rating disabilities. 59 Fed. Reg. 2529, 2530 (Jan. 18, 1994). Regulation § 4.149 was entitled "Rating diseases of the teeth and gums" and provided: "Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, periodontal disease (pyorrhea), and Vincent's stomatitis are not disabling conditions, and may be considered service-connected solely for the purpose of determining entitlement to dental examinations or outpatient dental treatment under the provisions of §§ 17.120 or 17.123 of this chapter." 38 C.F.R. § 4.149 (1994).

In 1997, the Secretary proposed amending VA's regulations concerning dental conditions, inter alia, to list in § 3.381(a) the noncompensable dental conditions and to delete § 4.149. 62 Fed. Reg. 8201, 8202 (Feb. 24, 1997). In the Supplementary Information, the Secretary explained: "The Schedule for Rating Disabilities is a guide for evaluating disabilities for compensation purposes. Because the dental conditions listed in § 4.149 are not evaluated for compensation, but only to determine eligibility for treatment, it is more appropriate to list them in 38 [C.F.R.] part 3, which contains general rules for determining service connection." 62 Fed. Reg. at 8202. The Secretary also explained that he was proposing to rewrite §§ 3.381 and 3.382, which provided information for determining which dental conditions were service connected for outpatient-treatment purposes. *Id.* In his final regulation, the Secretary deleted the information contained in §§ 3.382 and 4.149 and promulgated a revised § 3.381. 64 Fed. Reg. 30,392, 30,393 (June 8, 1999). Regulation § 3.381(a) provided then as it does now:

7

(a) Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease will be considered service-connected solely for the purpose of establishing eligibility for outpatient dental treatment as provided in § 17.161 of this chapter.

38 C.F.R. § 3.381(a) (1999 - 2005).

This regulatory history highlights the relationship between §§ 4.150 and 3.381(a), and shows that when VA established a rating schedule for dental and oral conditions, VA determined that periodontal disease was not to be included as a disability under § 4.150. We may not review any challenge to § 4.150 for its exclusion of periodontal disease. The appellant's challenge invites the Court to undertake a review that is "indistinguishable from the review of 'what should be a disability.'" *Wanner*, 370 F.3d at 1131 (quoting *Wanner*, 17 Vet.App. at 14-15). Accordingly, pursuant to section 7252(b) and *Wanner, supra*, this Court lacks jurisdiction to review the validity of §§ 4.150 or 3.381(a) in terms of any inconsistency with 38 U.S.C. § 1110.

Ms. Byrd's argument that section 1712 restricts the Secretary's authority to determine whether a condition is a disability for compensation purposes is without merit. Section 1712 sets forth the eligibility requirements for VA outpatient treatment of dental conditions and disabilities. It specifically recognizes that there are both compensable and noncompensable service-connected dental conditions. *Compare* 38 U.S.C. § 1712(a)(1)(A) *with* 38 U.S.C. § 1712(a)(1)(B). Although Congress intended for VA to provide dental treatment in cases meeting the requirements specified in 38 U.S.C. § 1712, it did not provide guidance or requirements on what if any dental conditions qualify for VA compensation. The Secretary has chosen to eliminate periodontal disease, among other common conditions such as "carious teeth" and "missing teeth" from diseases generally eligible for VA compensation and that decision as reflected in the rating schedule, discussed above, is not reviewable by this Court.

Finally, the appellant is incorrect that VA recognized a similar dental disability (pyorrhea) as compensable at the time of this Court's decision in *Manio*, *supra*. In 1988, VA regulation § 4.150 listed certain dental conditions at the end of DC 9913 and assigned to "Pyorrhea alveolaris" a 0% rating. 38 C.F.R. § 4.150 (1988). Accordingly, there is no indication in the rating schedule that a claimant could obtain a compensable rating for that dental condition. In *Manio* the Court did cite

to 38 C.F.R. §§ 3.381 and 3.382(c) (1990), but did not address VA compensation for those conditions. *See Manio*, 1 Vet.App. at 145.

### III. Conclusion

On the basis of the foregoing analysis and upon consideration of the record on appeal and the parties' pleadings, the Court holds that it lacks jurisdiction to review the appellant's challenge to the Secretary's regulations that exclude periodontal disease as a disability for which VA compensation may be paid. The July 21, 2004, decision of the Board that denied service connection for gum disease for the purpose of VA compensation is AFFIRMED.