﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/20/19

DOCKET NO. 190306-5486
DATE: June 20, 2019

ORDER

Service connection for dental trauma is denied.

FINDING OF FACT

The Veteran does not have a current dental disability for VA compensation purposes.

CONCLUSION OF LAW

The criteria for service connection for dental trauma, for VA disability compensation purposes have not been met. 38 U.S.C. §§ 1110, 1712, 5107 (West 2012); 38 C.F.R. §§ 3.102, 3.303, 3.306, 3.381, 4.150, 17.47, 17.61, 17.161 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in February 2019. In November 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from February 1955 to October 1958, and from November 1958 to October 1965. 

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the February 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board notes that evidence was added to the claims file during a period of time when submission of additional evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Board also notes that in the context of dental claims, the United States Court of Appeals for Veterans Claims (CAVC) has specifically held that a claim for compensation for a dental disability is also a claim for VA outpatient dental treatment under 38 C.F.R. § 3.381 (2018). Mays v. Brown, 5 Vet. App. 302 (1993). Thus, adjudication of the Veteran’s claim for service connection must also include consideration for the purpose of establishing eligibility for outpatient dental treatment, as set forth in 38 C.F.R. § 17.161 (2018). See also Douglas v. Derwinski, 2 Vet. App. 435, 440 (1992) (en banc) (holding that the Board is required to consider a veteran’s claim under all applicable provisions of law and regulation whether or not the claimant specifically raises the applicable provision); Schafrath v. Derwinski, 1 Vet. App. 589 (1991). 

Therefore, the Veteran’s claim has been recharacterized and bifurcated into two issues: (1) service connection for dental trauma, for VA compensation purposes; and (2) eligibility for VA outpatient dental treatment.

Service Connection for Dental Trauma, for Purposes of Compensation

Generally, service connection may be granted for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C. § 1110 (West 2012); 38 C.F.R. § 3.303 (2018). That determination requires a finding of current disability that is related to an injury or disease in service. Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2018).

For compensation purposes, service connection for a dental disability can be established only for the specific types of dental and oral conditions listed under 38 C.F.R. § 4.150, such as impairment of the mandible, loss of a portion of the ramus, and loss of a portion of the maxilla. Compensation is available for loss of teeth only if due to loss of substance of the body of the maxilla or mandible. See Simmington v. West, 11 Vet. App. 41 (1998). For loss of teeth, bone loss through trauma or disease such as due to osteomyelitis must be shown for purposes of compensability. The loss of the alveolar process as a result of periodontal disease is not considered disabling. See Note to Diagnostic Code 9913, 38 C.F.R. § 4.150 (2018). 

To establish entitlement to service connection for loss of a tooth, the Veteran must have sustained a combat wound or other in-service trauma. 38 U.S.C. § 1712 (West 2012); 38 C.F.R. § 3.381(b) (2018). The Board notes that the term “service trauma” does not include the intended effects of therapy or restorative dental care and treatment provided during a veteran’s active service. See 38 C.F.R. § 3.306(b)(1) (2018); VAOGCPREC 5-97. The Federal Circuit defined “service trauma” as “an injury or wound produced by an external force during the service member’s performance of military duties.” Nielson v. Shinseki, 607 F.3d 802, 808 (Fed. Cir. 2010). This definition excluded “the intended result of proper medical treatment.” Id.

The Veteran asserts that he was struck in the face with a tail hook assembly from a P8-9 fighter during his tour of duty with the Navy at NAAS Brownfield, Chula Vista, California, between November 1958 and May 1961. He explained that he had just reached up to grease the trunnion assembly of the tail hook and someone released the tail hook assembly cable, and consequently, he was knocked down to the deck and woke up at sick bay, being X-rayed. He further explained that he was sent to dental and had wooden pegs placed behind his loose teeth to keep them from coming out, and that he was told that he would most likely lose those teeth, and that now, he has. See July 2018 Statement in Support of Claim.

The Veteran’s service treatment records (STRs) reflect that an in-service injury occurred in July 1958, and specifically, a dental treatment record confirms that on July 8, 1958, the Veteran sustained a “blow to mouth from place hook”, noting findings of lacerated lip “max left side”, with post operative treatment documented on the dates of July 8, 9, 10, 11, 1958. Although this clearly reflects an injury or wound to the mouth, produced by an external force, there is no evidence that actual tooth loss occurred in service, as a result, thereof, of in-service trauma. The Board additionally notes that there is no evidence, nor has the Veteran asserted, that his dental disability involves a condition such as impairment of the mandible, loss of a portion of the ramus, loss of a portion of the maxilla, and/or loss of teeth due to loss of substance of body of maxilla or mandible. Additionally, there is no evidence of loss of teeth that was due to the loss of substance of the body of the maxilla or mandible.

Although the Veteran underwent a VA examination in August 2014, the VA opinion does not address the issue of direct service connection for dental trauma, for compensation purposes. Thus, the Board has not afforded any probative value to this opinion, within the context of this issue. 

Subsequently, the Veteran was afforded another VA examination in August 2018. After this examination, the VA examiner opined that the Veteran’s dental condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness. As the rationale for this opinion, the VA examiner reasoned that “it is unlikely that the cause of [the Veteran’s] loss of teeth is a direct result of the injury incurred in 1958, due ot the fact that all teeth were present upon his release from active duty in 1970.” 

Summarily, there is no evidence that the Veteran’s dental disability involves a condition such as impairment of the mandible, loss of a portion of the ramus, loss of a portion of the maxilla, and/or loss of teeth that is due to loss of substance of body of maxilla or mandible. Although the Veteran suffered trauma in an in-service accident, with resulting teeth injury, bone loss, due to this trauma, did not occur; and additionally, bone loss due to a disease, such as, for example, osteomyelitis, was not shown in service. Furthermore, the Veteran’s in-service accident and injury occurred in 1958, and at the time he separated from service in 1970, teeth loss was not shown. Thus, his teeth loss, which occurred after his separation from service, is more than twelve years remote from his 1958 in-service trauma and teeth injury. Therefore, without any medical evidence to show otherwise, there is no evidence that the Veteran’s post-service teeth loss resulted in bone loss due to in-service trauma. Accordingly, the preponderance of the evidence is against this claim and service connection for dental trauma, for compensation purposes, must be denied. Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990); 38 U.S.C. § 5107 (West 2012); 38 C.F.R. § 3.102 (2018).

REASONS FOR REMAND

Although the Board regrets further delay, additional development is necessary before a decision may be rendered on the issues on appeal.

The claim for eligibility for VA outpatient dental treatment is remanded to correct a duty to assist error that occurred prior to the February 2019 rating decision on appeal. 

As noted above, the Veteran asserts that the loss of his teeth are a result of an in-service injury and accident. See July 2018 Statement in Support of Claim.

As noted in the introduction above, the Board has recharacterized the dental issue on appeal, to include a claim of entitlement to service connection for dental trauma, for purposes of eligibility for VA outpatient dental treatment.

Effective February 29, 2012, the regulations provide that the Veterans Benefits Administration (VBA) will adjudicate a claim for service connection of a dental condition for dental treatment purposes after the Veterans Health Administration (VHA) has made a determination regarding basic eligibility under the requirements of 38 C.F.R. § 17.161. 38 C.F.R. § 3.381(a) (2018).

In this case, while there has already been a determination on the Veteran’s claim for service connection for a dental condition for tooth number 25, for purposes of dental treatment, the Veteran’s claims file does not contain any determination by VHA regarding the Veteran's eligibility for dental treatment for the remainder of his teeth. Therefore, a remand is required for VHA to adjudicate the issue of eligibility for VA dental treatment, for teeth other than tooth number 25, in the first instance.

(Continued on the next page)

 

The matter is REMANDED for the following action:

Refer the claim to VHA for adjudication of Class eligibility in the first instance under 38 C.F.R. § 3.381 (effective February 29, 2012). See 38 C.F.R. § 17.161 (2018).

 

MATTHEW TENNER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Vanessa-Nola Pratt, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.