﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190928-34472
DATE: October 31, 2019

ORDER

Entitlement to service connection for dental disability for compensation purposes is denied.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had any dental symptoms recognized as a disability for VA compensation purposes at any time during or approximate to the pendency of his claim.

CONCLUSION OF LAW

The criteria for service connection for dental disability for compensation purposes are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 4.150.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in January 2013. In September 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from January 1952 to December 1953. This matter initially came before the Board of Veterans’ Appeals (Board) from a January 2013 rating decision. The Veteran testified before a Veterans Law Judge (VLJ) at a November 2016 hearing and a transcript of the hearing has been associated with his claims file. The VLJ who conducted the hearing is no longer employed at the Board and is unable to participate in any further adjudication. In May 2017, the Board remanded this matter for further development. In April 2018, a letter was sent to the Veteran which informed him that the VLJ who conducted the November 2016 hearing was no longer employed at the Board and asked him to indicate whether he wanted to attend a new hearing. The Veteran responded in May 2018 that he did not wish to have another Board hearing. In May 2018, the Board again remanded this matter for further development.

In September 2019, the agency of original jurisdiction (AOJ) issued a supplemental statement of the case (SSOC) and the Veteran opted in to the Appeals Modernization Act (AMA) review system by submitting a timely “Decision Review Request: Board Appeal (Notice of Disagreement)” form (VA Form 10182) later in September 2019. The Veteran requested direct review of the evidence considered by the AOJ. Accordingly, the Board will consider the evidence of record as of the date of the September 2019 SSOC (i.e., September 9, 2019).

As a final preliminary matter, the Board acknowledges that the Veteran’s 2011 claim of service connection for dental disability encompasses the issue of entitlement to service connection for dental disability for treatment purposes. See Mays v. Brown, 5 Vet. App. 302 (1993). See also 38 C.F.R. § 3.381 (VBA will adjudicate a claim for service connection for a dental condition for treatment purposes after the VHA determines the Veteran meets the basic eligibility requirements and requests that VBA make a determination of certain questions). Regarding dental claims, the regional office (RO) adjudicates the claim of service connection for compensation benefits and the VA Medical Center (VAMC) adjudicates the claim for outpatient treatment. As this matter stems from an adverse determination by the RO, the appeal is limited to the issue of service connection for dental disability for the purpose of compensation. As explained in the Board’s May 2018 remand, it appears that service connection for dental treatment purposes was previously awarded for several teeth (to include by way of a 1953 rating action and a December 1955 Board decision). Correspondence dated in January 2011 reflects that the issue of dental treatment was referred to a VAMC for appropriate action.

Entitlement to service connection for dental disability for compensation purposes

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection for dental disabilities for compensation purposes is only available for dental disabilities that are the result of osteomyelitis or osteoradionecrosis, or due to the loss, malunion, or limited motion of the mandible, maxilla, ramus, condyloid process, or hard palate, or due to the loss of teeth due to loss of substance of the upper or lower jaw. 38 C.F.R. § 4.150. Compensation is available for loss of teeth only if such is due to loss of substance of body of maxilla or mandible. See Simmington v. West, 11 Vet. App. 41 (1998). Compensation is not available for treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, or periodontal disease. 38 C.F.R. § 3.381.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

In this case, the Veteran contends that he has current dental disability that is related to injuries sustained in service and dental treatment received in service. 

The question for the Board is whether the Veteran has current dental disability for compensation purposes that began during service or is at least as likely as not related to an in-service injury, event, or disease. The Board finds, for the following reasons, that the Veteran does not experience any dental symptoms recognized as a disability for VA compensation purposes, and has not experienced such symptoms at any time since his service connection claim was received in February 2011 or prior thereto. Cf. Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013) (Board erred in failing to address pre-claim evidence in assessing whether a current disability existed, for purposes of service connection, at the time the claim was filed or during its pendency); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran’s medical records reflect that he has been treated for various dental problems. While he is competent to report his current dental symptoms and the Board has no legitimate basis to challenge the credibility of his contentions, he has not reported and his treatment records do not indicate the presence of or treatment for any of the dental disabilities specified in 38 C.F.R. § 4.150 at any time during the claim period or prior thereto. In particular, a VA dental examination was conducted in August 2019. The examiner who conducted the examination explained that some teeth were deemed to be service-connected shortly following the Veteran’s separation from service for the purpose of treatment, but that the Veteran reported that he had lost more teeth over time due to the type of prostheses that had been provided by VA. Overall, the examiner noted that the Veteran did not have any “dental condition,” but that he simply needed routine dental care. Examination revealed that there were no dental or oral conditions involving the mandible, maxilla, or teeth (including anatomical loss or bony injury of the mandible, maxilla, or any teeth). Also, there was no osteomyelitis, osteoradionecrosis, or osteonecrosis of the jaw or any tumors or neoplasms. Panographic/intraoral imaging was performed in August 2019 and the results were within normal limits.

In sum, there is no evidence that the Veteran has experienced dental disability for VA compensation purposes at any time during the claim period. As the evidence does not show any current dental problems that are the result of osteomyelitis or osteoradionecrosis, are due to the loss, malunion, or limited motion of the mandible, maxilla, ramus, condyloid process, or hard palate, or are due to the loss of teeth due to loss of substance of the upper or lower jaw, the Veteran is not shown to have dental disability subject to compensation under the laws and regulations administered by VA. Thus, although he has reported dental problems, the Board is bound by these limitations as to what constitutes a dental disability for VA compensation purposes and has no discretion in this regard. As such, the Veteran’s claim of service connection for dental disability for compensation purposes must be denied because there is no evidence of current dental disability upon which to predicate such an award.

Accordingly, the Board finds that the claim of service connection for dental disability for compensation purposes must be denied. In reaching the conclusion to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable in this instance. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Elwood, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.