Newman, Circuit Judge,
dissenting.
The Petitioners’ request for inter partes review was not “instituted” because the patentee, Arthrex Inc., disclaimed all of the challenged claims before the PTAB decided whether to- institute the requested review. Thus inter partes review could not be instituted, for no challenged claims remained in the patent. See 37 C.F.R. § 42.107(e):
No inter partes review will be instituted based on disclaimed claims.
Nonetheless, the PTAB issued an adverse judgment on the disclaimed claims. The parties agree—a position apparently shared by the panel majority—that this adverse judgment subjects Arthrex to the estoppel provisions of 37 C.F.R. § 42.73(d)(3); that is, Arthrex would be subject to the same estoppel result as if there had been an IPR trial and Arthrex had lost on the merits.
From this flawed statutory and regulatory interpretation, I respectfully dissent.
Discussion
Soon after Smith & Nephew, Inc. filed a petition for inter partes review of claims 1-9 of U.S. Patent No. 8,821,541 (“the ’541 patent”), Arthrex disclaimed all of the challenged claims. Inter partes review was no longer available, see 37 C.F.R. § 42.107(e), supra. The PTAB then entered an “adverse judgment” on claims 1-9, although no review was conducted of those claims, and none could be conducted after the disclaimer. My colleagues incorrectly hold that this action is in conformity with statute and regulation.
The PTO accompanied the America Invents Act with the issuance of Rules, including 37 C.F.R. § 42.73(b) concerning “[ajctions construed to be a request for adverse judgment.” This Rule states that such actions include:
(1) Disclaimer of the involved application or patent;
(2) Cancellation or disclaimer of a claim such that the party has no remaining claim in the trial;
(3) Concession of unpatentability or derivation of the contested subject matter; and
(4) Abandonment of the contest.
I emphasize the words in the trial in subsection (2) because this is an explicit limitation, not included in the other subsections. Here there was no trial, and no trial was possible after the disclaimer of claims 1-9, for institution of trial was not possible. Subsection 42.73(b)(2), by its terms, makes clear that it relates to procedures “in the trial;” it has no relevance to the institution phase.
I also note that Arthrex explicitly stated to the PTAB that it “is not requesting an adverse judgment,” for Arthrex states that *1353 the PTAB had been applying this Rule inconsistently. The PTAB then entered an adverse judgment, conflicting with the Rule.
A further conflict arises in the PTAB’s issuance of this “final decision,” for final decision on inter partes review, as authorized by 35 U.S.C. § 318, applies upon PTAB trial of patentability, a trial that cannot occur when trial is not “instituted.” Adverse judgment against disclaimed claims without institution of trial is not available by statute, and is contrary to the PTO Rule directed to this event.
I, Agency Compliance with Statute and Rules
An administrative agency must comport with its authorizing statute, and the PTO’s practices and regulations must implement the statutory purpose. See Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 125, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) (“Regardless of how serious the problem an administrative agency seeks to address, however, it may not exercise its authority in a manner that is inconsistent with the administrative structure that Congress enacted into law”) (internal quotations omitted); Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) (“It is axiomatic that an administrative agency’s power to promulgate legislative regulations is limited to the authority delegated by Congress.”).
The judicial obligation is to assure agency compliance with its legislated authority. See Nat’l Broad. Co. v. United States, 319 U.S. 190, 224, 63 S.Ct. 997, 87 L.Ed. 1344 (1943) (“Our duty is at ah end when we find that the action of the Commission was based upon findings supported' by evidence, and was made pursuant to authority granted by Congress. It is not for us to say that the ‘public interest’ will be furthered or retarded by the [regulation].”). Here the PTAB stated that “our rules” authorize an adverse judgment in the absence of institution and the absence of trial. That is incorrect, for Rule 42.73(b) is explicit as to when such an adverse judgment is authorized, and Rule 42.73(b)(2), the only subsection directed to disclaimed or cancelled claims, refers to adverse judgment only when there is “no remaining claim in the trial.” Here, there was no trial, and no trial was possible.
Arthrex observes that some PTAB decisions have held that such an adverse judgment “creates an estoppel that would limit Arthrex’s rights as to future patent claims in continuing applications.” 'Arthrex Br. 3. This consequence makes it imperative that the PTAB’s rules conform to the legislative intent,- and are implemented in accordance with their text, so that the concerned public will know the-, consequences of its choices.
The language of 37 C.F.R. § 42.73(b)(2) forecloses the interpretation the panel majority ascribes. Subsection (b)(2) states that adverse judgment may be entered on: “[cjancellation or disclaimer of a claim such that the party has no remaining claim in the trial.” PTO regulations define PTAB “trial” as meaning “a-contested case instituted by the Board based upon a petition.” 37 C.F.R. § 42.2. Accordingly, the language of § 42.73(b)(2) is “Cancellation or disclaimer of a claim such that the party has no remaining claim in a contested case instituted by the Board based upon a petition.”
Subsection (b)(2) on its face is directed to disclaimer or cancellation “in the trial.” It is not disputed that “in the trial” can occur only after institution. “[W]here, as here, the 'statute's language is plain, thé sole function of the courts is to enforce it according to its terms.” United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) *1354 (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)) (internal quotations omitted).
Claims 1-9 were disclaimed before institution. Accordingly, the present situation is outside of subsection (b)(2), for there was no trial and no possibility of trial. As required by § 42.107(e), “no inter partes review will be instituted based on disclaimed claims.” That regulation was applied by the PTAB, and no inter partes review was instituted. Without institution there can be no trial, and without trial there can be no final written decision under 35 U.S.C. § 318, and no adverse ■ judgment based upon 37 C.F.R-. § 42.73(b)(2).
The inclusion of “in the trial” in subsection (b)(2) is a critical distinction from the other subsections, which do not distinguish between institution and trial. This distinction cannot be ignored. “Where an agency includes particular language in one section of a regulation but omits it in another it is generally presumed that the agency acts intentionally and purposely in the disparate inclusion or exclusion.” Yonek v. Shinseki, 722 F.3d 1355, 1359 (Fed. Cir. 2013) (alterations omitted).
The PTAB’s interpretation of subsection (b)(2) to eliminate the words “in the trial” 'is an explicit change in the Rule, requiring rulemaking procedures. Such rule change is governed by the Administrative Procedure Act, see 35 U.S.C. § 2(b)(2)(B), for it is a substantive change in statutory interpretation and administration. And, according to Arthrex, it is inconsistently applied among PTAB panels. Situations “where interested parties would have had to divine the Agency’s unspoken thoughts” regarding a regulation casts serious doubts on the propriety of the rulemaking. See Int’l Union, United Mine Workers of Am. v. Mine Safety & Health Admin., 407 F.3d 1250, 1260 (D.C. Cir. 2005) (alterations and quotation marks omitted).
Instead, the majority attempts to reconcile the PTAB’s decision by interpreting § 42.73(b)(2)’s.statement of “no remaining claim in the trial” as meaning “no remaining claim for trial.” Maj. Op. at 1350. Thus, my colleagues construe the words “in the trial” as including non-institution where no trial is possible. This is a distortion of a carefully worded regulation, and changes its meaning. However, “a court is not free to disregard requirements simply because it considers them redundant or unsuited to achieving the general purpose in a particular case.” C.I.R. v. Gordon, 391 U.S. 83, 93, 88 S.Ct. 1517, 20 L.Ed.2d 448 (1968).
Our task is to assure that agency regulations conform to the statute, and that the regulations are applied in accordance with that conformity. See E.P.A. v. EME Homer City Generation, L.P., - U.S. -, 134 S.Ct. 1584, 1600, 188 L.Ed.2d 775 (2014) (“However sensible (or not) the Court of Appeals’ position, a reviewing court’s task is to apply the text [of the regulation], not to improve upon it.”) (internal quotations omitted). A cardinal principle of statutory and regulatory construction is to “ ‘give effect, if possible, to every clause and word.’ ” Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955)); see Roberto v. Dep’t of the Navy, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (“The rules of statutory construction apply when interpreting an agency regulation.”).
The panel majority ignores the differences among the subsections of Rule 42.73(b), and states that the rule allows that “an adverse judgment may be entered after a petition has been filed, but before an IPR proceeding has been instituted.” Maj. Op. at 1350. What is clear is the contrary, for there can be no adverse judgment “before an IPR proceeding has been *1355 instituted.” St. Jude Medical v. Volcano Corp., 749 F.3d 1373 (Fed. Cir. 2014).
.The statutory design of the America Invents Act is that when institution .is denied, the IPR does not proceed to trial and decision, and the consequences of a final decision do not arise. The legislative record is clear as to those consequences, see H.R. REP. 112-98, 48, 2011 U.S.C.C.A.N. 67, 78.(“[A] final decision in a post-grant review process will prevent the petitioner, a real party in interest, or its privy from challenging any patent claim on a ground that was raised in the post-grant review process. The post-grant review procedure is not intended,' however, to inhibit patent owners from pursuing the various avenues of enforcement of their rights under a patent, and the amendment makes clear that the filing or institution of a post-grant review proceeding does' not limit a patent owner from commencing such actions.”).
The PTAB’s Rule as now interpreted is contrary to the statute. And although the Rule states that a patentee may request an adverse judgment at any time, here the patentee expressly requested no adverse judgment. My colleagues’ view that estop-pels can nonetheless be involuntarily , imposed by the PTAB when no claims were subject to trial exceeds the PTAB’s statutory authority. Such looseness simply adds to the uncertainties facing practitioners seeking to comply with the Rules implementing the America Invents Act.
The PTO Rules of Practice for Trials Before the PTAB refer to estoppels flowing from “those claims that were lost.” 77 Fed. Reg. 48,612, 48,649 (Aug. 14, 2012). These Rules are contradicted by the majority’s holding that “there seems to be no meaningful distinction between claims that are cancelled before an IPR proceeding is instituted and claims that are cancelled after an . IPR proceeding is instituted.” Maj. Op. at 1350. To the contrary: there is a powerful distinction. The foundation of the ALA is the distinction between the threshold determination of whether to “institute” trial, and the trial proceedings and ensuing estoppels after trial.
Arthrex is not challenging the PTO’s authority to adopt relevant regulations; Arthrex states in its brief that “Arthrex never suggested that a Patent Owner could avoid adverse judgment in one of the expressly defined situations of 37 C.F.R. § 42.73(b).” Arthrex Reply Br. 15. The panel majority ignores the differences among these “expressly defined situations,” and rewrites § 42.73(b)(2) to eliminate the words “in the trial.” Neither the PTAB panel nor my colleagues comply with the. legislative distinction among the subsections of § 42.73(b).
II. Prior Adjudication.
I take note of the district court litigation between these parties, on claims 10-11 of the same ’541 patent. That case had not been stayed by the district court, and validity of claims 10-11 was sustained. Both Arthrex and Smith & Nephew state uncertainty arising from the PTAB’s ruling herein, bringing into further focus the need for reliable regulations, consistently applied.[1]

Conclusion
When all of thé claims for which the Petitioners sought review were disclaimed *1356 before the PTAB instituted trial, the PTAB’s authority to render adverse judgment did not arise. From my colleagues’ endorsement of the PTAB’s flawed interpretation of its Rule, I respectfully dissent.

. The parties have apprised the court of the PTAB’s recent action in declaring "prece-dential” its ruling that covered business method ("CBM”) review cannot be conducted on disclaimed claims. Facebook, Inc. v. Skky, LLC, No. CBM2016-00091, 2017 WL 4349404, at *3 (P.T.A.B. Sept. 28, 2017). The PTAB held that disclaimed claims ‘.‘must be treated as if they never existed,” id. at *5; thus the claims at issue here cannot be subject to a final adverse judgment. The majority’s decision here conflicts with this ruling, reinforcing the view that the issue of pre-institution disclaimer requires attention.